**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Deana Vondriska, individually
and on behalf of other similarly
situated employees,

       Plaintiffs,

vs.

Gerald Cugno, Paychex Business Solutions, Inc.
and Gevity HR, Inc.,

       Defendants.

**COLLECTIVE ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

## JURISDICTION

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Venue is proper in the United States District Court, Middle District of Florida pursuant to 28 U.S.C. § 1391.

## PARTIES

2.     Upon information and belief, Defendant Gerald Cugno is a resident of the State of Florida. Upon information and belief, Cugno is majority owner and Chief Executive Officer of Premier Mortgage Funding, Inc. ("Premier"), and at all relevant times has acted in the interest of Premier. Cugno is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

3.     Upon information and belief, Defendant Paychex Business Solutions, Inc. ("Paychex") is a foreign corporation licensed to do business in the State of Florida.

Paychex is engaged in the business of providing payroll, human resource and benefit services to businesses. During all relevant times, Paychex contracted with Premier to provide payroll, employee benefit and related services to the employees subject to this lawsuit. Attached hereto as **Exhibit A** is, on information and belief, a copy of the Client Service Agreement between Paychex and Premier. Paychex is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4.     Upon information and belief Defendant Gevity HR, Inc. ("Gevity") is a Florida corporation with its corporate offices located at 9000 Town Center Parkway, Bradenton, Florida, 34202. Gevity is engaged in the business of providing payroll, human resource and benefit services to businesses. At certain relevant times, Premier contracted with Gevity to provide payroll and human resources services to the employees subject to this lawsuit. Gevity is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.     Gevity and Paychex are individually and jointly responsible for compliance with the FLSA pursuant to 29 C.F.R. § 791.2(b) and as employers under the FLSA, 29 U.S.C. § 203(d).

6.     Hereinafter Cugno, Paychex, and Gevity are collectively referred to as "Defendants."

7.     Plaintiff Deana Vondriska is a resident of Ohio and worked as a loan officer in Defendants' Middleburg Heights, Ohio branch office during the applicable statute of limitations.

2

## PROCEDURAL BACKGROUND

8.     On August 14, 2006, Plaintiffs filed a Complaint in United States District Court, Middle District of Florida, Tampa Division, case file number 8:06-cv-1492-JDW-MAP, against Premier alleging violations of the FLSA ("Original Action").

9.     After which time, the parties engaged in discovery, which included the depositions of Cugno and Premier's Director of Operations Jeremy Lube; wherein Plaintiffs learned that Cugno, Paychex and Gevity were responsible, in large part, for Premier's human resource services, FLSA compliance, and the decisions relating to the compensation of Premier's employees.

10.    On May 9, 2007, the Honorable James D. Whittemore granted Plaintiffs' Motion for Conditional Class Certification and directed Premier to provide a list of similarly situated employees so that notice of the Original Action could be provided by Plaintiffs to such employees. A copy of such Order is attached hereto as **Exhibit B.**

11.    As a consequence, on July 2, 2007, Plaintiffs filed a Motion for Leave to file an Amended Complaint to include Cugno, Paychex and Gevity as Defendants in the Original Action, alleging liability under the FLSA.

12.    On July 3, 2007, Premier filed a Chapter 11 Bankruptcy Petition in the middle District of Florida, Tampa Division, case number 8:07-bk-05713-CPM.

13.    By Order of the Court on July 10, 2007, the Original Action was stayed because of Premier's bankruptcy, and all pending motions, including Plaintiffs' Motion for Leave to Amend the Complaint to add Cugno, Paychex and Gevity, were denied as moot.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

14.     Plaintiff Deana Vondriska now brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).  Plaintiff Vondriska's written consent form is attached hereto as **Exhibit C**.

15.     The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

16.     During the statutory period, Plaintiff Vondriska and the similarly situated employees routinely worked as loan officers for Defendants in excess of forty (40) hours per week without overtime compensation.

17.     In addition, Plaintiff Vondriska and the similarly situated loan officers routinely worked hours for which they were not paid the minimum wage.

18.     These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1).   As a result, Plaintiff Vondriska and the similarly situated employees suffered a loss of wages.

19.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff Vondriska and the similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

20.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vondriska and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all loan officers who were employed by Defendants during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid the minimum wage or for their overtime hours worked in any week during the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

3. Judgment against Defendants that its violations of the FLSA were willful;

4. An equal amount to the overtime damages as liquidated damages;

5. To the extent liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred in prosecuting these claims;

7. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to add claims under applicable state laws; and

9. For such further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 26th day of July, 2007.

NICHOLS KASTER & ANDERSON, PLLP

Donald H. Nichols, MN Bar No. 78918
Paul J. Lukas, MN Bar No. 22084X
Matthew H. Morgan, MN Bar No. 304657
Timothy C. Selander, MN Bar No. 0387016,
Fla. Bar No. 0036468
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870

and

Matthew Fenton, Fla. Bar No. 0002089
WENZEL & FENTON, P.A.
633 N. Franklin Street, Suite 500
Tampa, Florida 33602
Telephone (813) 224-0431
Fax (813) 229-8712
mfenton@wenzelfenton.com

ATTORNEYS FOR PLAINTIFFS