UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:07-CIV -01322-T-24-TGW

DEANA VONDRISKA, individually
and on behalf of other similarly
situated employees,

       Plaintiffs,

vs.

GERALD CUGNO, PAYCHEX BUSINESS
SOLUTIONS, INC., AND GEVITY HR, INC.,

       Defendants.
_____/

## DEFENDANT PAYCHEX BUSINESS SOLUTIONS, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, PAYCHEX BUSINESS SOLUTIONS, INC. ("PBS"), by and through its undersigned counsel, answers the Complaint filed by Deana Vondriska (the "Complaint") as follows:

### Jurisdiction

1. With respect to Paragraph 1 of the Complaint, PBS states that jurisdiction and venue are proper in this Court, but denies any wrongdoing and denies that Plaintiffs are entitled to any of the relief sought in the Complaint.

### Parties

2. With respect to Paragraph 2 of the Complaint, PBS is without knowledge as to the residency of Co-Defendant, CUGNO, or to the remaining allegations and, thus, denies the allegations.

3. With respect to Paragraph 3 of the Complaint, PBS denies that it is a foreign corporation licensed to do business in the State of Florida. PBS admits that it contracted with and provided services to Premier Mortgage Funding, Inc. PBS states that the document attached to the Complaint as Ex. A speaks for itself. Finally, PBS denies that it was Plaintiff's "employer" as defined by the FLSA.

4. With respect to Paragraph 4 of the Complaint, PBS is without knowledge as to the residency of Co-Defendant, GEVITY HR, INC., or to the remaining allegations and, thus, denies the allegations.

5. Paragraph 5 of the Complaint is denied.

6. With respect to Paragraph 6 of the Complaint, PBS states that it contains allegations that do not require a response. To the extent that a response is required, the allegations are denied.

7. With respect to Paragraph 7 of the Complaint, PBS is without knowledge as to the residency of Plaintiff Vondriska, and thus, denies, those allegations. As to the remaining allegations, PBS denies that it was ever Plaintiff's employer or that it has a Middleburg Heights, Ohio branch office.

**Procedural Background**

8. With respect to Paragraph 8 of the Complaint, PBS objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.[1]

9. With respect to Paragraph 9 of the Complaint, Paychex objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.

---

[1] PBS notes that the allegations contained in Paragraphs 8 through 13 are currently the subject of a motion to strike jointly filed by Defendants PBS and Gevity and reserves the right to supplement this Answer and Affirmative Defenses to address these paragraphs according to the Court's ruling on the motion.

10. With respect to Paragraph 10 of the Complaint, PBS objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.[2]

11. With respect to Paragraph 11 of the Complaint, PBS objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.

12. With respect to Paragraph 12 of the Complaint, PBS objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.

13. With respect to Paragraph 13 of the Complaint, PBS objects to the allegations contained therein because they are immaterial, impertinent and prejudicial.

## Collective Action Factual Allegations

14. With respect to Paragraph 14 of the Complaint, PBS admits that Plaintiff Vondriska purports to bring an action on behalf of herself and other similarly situated employees pursuant to the FLSA but denies any wrongdoing and denies that Plaintiff is entitled to any of the relief sought in the Complaint. PBS states that the document attached to the Complaint as Ex. C speaks for itself.

15. With respect to Paragraph 15 of the Complaint, PBS states that it contains legal assertions to which no response is required. To the extent a response is required, PBS denies the allegations contained therein.

16. With respect to Paragraph 16 of the Complaint, PBS is without knowledge of the allegations and, thus, denies the allegations.

17. With respect to Paragraph 17 of the Complaint, PBS is without knowledge of the allegations and, thus, denies the allegations.

---

[2] PBS notes that the document attached to the Complaint as Exhibit B is currently the subject of a motion to strike jointly filed by Defendants Paychex and Gevity.

18. With respect to Paragraph 18 of the Complaint, PBS is without knowledge of the allegations and, thus, denies the allegations.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

PBS denies any wrongdoing and denies that Plaintiffs are entitled to any of the relief sought in the "Prayer for Relief" following Paragraph 20 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

*First Affirmative Defense*

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief may be granted. Specifically, PBS is not Plaintiffs' "employer" as defined under the FLSA.

*Second Affirmative Defense*

Plaintiffs' recovery for damages is barred because they have been paid for all hours and overtime hours worked.

*Third Affirmative Defense*

PBS states that Plaintiffs' claims for liquidated damages are barred or precluded pursuant to 20 U.S.C. § 260 because PBS's actions regarding overtime compensation were taken in good faith and with reasonable grounds based on a belief that those actions were not in violation of 29 U.S.C. § 201, *et seq.*

*Fourth Affirmative Defense*

Any damages awarded to Plaintiffs must be off-set by payments already made to them for hours worked.

*Fifth Affirmative Defense*

Plaintiffs are precluded or barred from recovery because they engaged in fraud and misrepresentation regarding employment issues including employment eligibility, identity, hours worked.

*Sixth Affirmative Defense*

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

*Seventh Affirmative Defense*

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, and payment and release.

*Eighth Affirmative Defense*

Due to the manner in which Plaintiffs were paid for all hours worked, Plaintiffs are not entitled to time and one-half for any hours worked in excess of forty hours.

*Ninth Affirmative Defense*

Plaintiffs' Complaint fails to state a claim against PBS for which relief may be granted. Specifically, Plaintiffs have failed to state a claim for willful violation of the FLSA.

*Tenth Affirmative Defense*

If any violation of the FLSA is found, any act or omission giving rise to such violation was in good faith and no award for liquidated damages should be granted.

*Eleventh Affirmative Defense*

PBS's actions were in good faith conformity with and in reliance on administrative regulations issued by the Department of Labor.

*Twelfth Affirmative Defense*

Plaintiffs have failed to adequately mitigate their damages as required by law.

*Thirteenth Affirmative Defense*

Plaintiffs' claims are barred to the extent that they were exempt from the overtime provisions of the FLSA.

*Fourteenth Affirmative Defense*

Plaintiffs' claims are barred, in whole or in part, for failure to join an indispensable party.

PBS reserves the right to amend its Answers and Affirmative Defenses to assert any additional defenses or claims that PBS may have against Plaintiffs as authorized by applicable laws and rules of procedure.

**WHEREFORE**, Defendant Paychex Business Solutions, Inc., prays that judgment be entered in its favor, that Plaintiffs take nothing by this suit, that PBS recover its reasonable attorneys' fees and costs, and that PBS be awarded such other legal and equitable relief that the Court deems just and proper.

Dated: <u>September 19, 2007</u>

Respectfully submitted,
HOLLAND & KNIGHT LLP

By: <u>s/Edward Diaz</u>
Edward Diaz
Email: edward.diaz@hklaw.com
Florida Bar No. 988091
Erika Royal
Email: erika.royal@hklaw.com
Florida Bar No. 0154385
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

*Attorneys for Defendant Paychex Business Solutions, Inc.*

**CERTIFICATE OF SERVICE**

6

*I Hereby Certify* that on ***September 19, 2007***, I electronically filed DEFENDANT PAYCHEX BUSINESS SOLUTIONS, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court via electronic filing. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/Edward Diaz\
                                                        edward.diaz@hklaw.com

**SERVICE LIST**
**Deana Vondriska v. Paychex Business Solutions, Inc., et al**
**CASE NO. 8:07-CIV-01322-T-24-TGW**
**United States District Court, Middle District of Florida**

Donald H. Nichols, Paul J. Lukas,
Matthew H. Morgan, and Timothy C. Selander
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
and
Matthew Fenton
WENZEL & FENTON, P.A.
633 N. Franklin Street, Suite 500
Tampa, FL 33602
*Attorneys for Plaintiffs*

Eric P. Berezin
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA 30309

*Attorneys for Defendant Gevity HR, Inc.*

Benjamin J. Mollo, Esq.
3001 Executive Drive,
Suite 330
Clearwater, FL 33762
*Attorney for Defendant Cugno*

# 4764112_v2