UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 01-8001-CIV-HURLEY

DAVID JEANNERET,

        Plaintiff,

v.

ARON'S EAST COAST TOWING, INC.
and SUNSHINE COMPANIES, II, INC.

        Defendants.

_____/



FILED by ___ D.C.

JAN 29 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    **THIS CAUSE** comes before the court upon the defendant's motion for summary judgment and the plaintiff's cross-motion for summary judgment. Both the plaintiff, David Jeanneret, and the defendant, Sunshine Companies, II, have moved for summary judgment as to the plaintiff's claims for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Upon review of the motions, relevant case law, and the record evidence viewed in the light most favorable to the plaintiff, the defendant's motion for summary judgment will be granted on the ground that Sunshine was not the plaintiff's "employer" under the Act, and the plaintiff's cross-motion for summary judgment will be denied.

## BACKGROUND

    Plaintiff David Jeanneret is a resident of Palm Beach County, Florida, and was employed as a tow truck driver. Defendant Aron's East Coast Towing, Inc. is a Florida corporation doing business in Palm Beach County and is engaged in the auto towing business. Defendant Sunshine



EXHIBIT
"B"

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

Companies, II, Inc., is a Florida corporation that owns and operates an employee leasing business. Plaintiff claims that he worked for the defendants from June 19, 2000 through the beginning of July, 2000. He alleges that the defendant companies acted as employers with respect to him and the other tow truck employees, and that therefore the defendants are "employers" within the meaning of Section 3(d) of the FLSA.

On January 3, 2001, plaintiff filed this action in this court. In his complaint, Mr. Jeanneret asserted two claims — Count I, alleging that defendants failed to compensate him and other employees at the required overtime rate, in violation of Section 7 of the FLSA, and Count II — alleging that defendants failed to pay him and other employees the applicable minimum wage rate for their work, in violation of Section 6 of the FLSA. On July 25, 2001, plaintiff moved for a default judgment against Aron's. On July 31, 2001, this court entered a default judgment against Aron's, awarding plaintiff $1,048.28 in compensatory and liquidated damages, and $2,340.00 in attorney's fees and costs.

## JURISDICTION

This case involves claims brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and therefore this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

## DISCUSSION

### A. STANDARD OF REVIEW

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this exacting standard. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. See Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The non-moving party, however, bears the burden of coming forward with evidence of each essential element of his claims, such that a reasonable jury could find in his favor. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). In response to a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

If the non-moving party fails to "make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," then the court must enter summary judgment for the moving party. Gonzalez v. Lee County Housing Authority, 161 F.3d 1290, 1294 (11th Cir. 1998). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the

3

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

[non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The failure of proof

concerning an essential element of the non-moving party's case necessarily renders all other facts

immaterial and requires the court to grant the motion for summary judgment. See Celotex, 477 U.S.

at 322.


## B.  THE FAIR LABOR STANDARDS ACT AND RELEVANT CASE LAW

Section 203(d) of the FLSA defines an "employer" as "any person acting directly or

indirectly in the interest of an employer in relation to an employee." It further defines "employee"

as "any individual employed by an employer." 29 U.S.C. § 203(e)(1).  To "employ" means "to

suffer or permit to work." Id. at § 203(g).  The Act imposes a minimum wage for covered

employees, id. at § 206, and prohibits employers from employing any worker for a workweek longer

than 40 hours unless the employee receives compensation for the excess hours at a rate not less than

one and one half times the regular rate of compensation, id. at § 207(a)(1).

A determination of employment status under the FLSA is a question of federal law. See

Antenor v. D & S Farms, 88 F.3d 925, 929 (11th Cir. 1996).  Whether an employment relationship

exits under the FLSA must be judged by the "economic realities" of the individual case and not by

traditional common-law principles. See id. The focus of the economic realities test is whether the

plaintiff was economically dependent upon the putative employer.   The courts look at the

surrounding circumstances of the whole activity. See Goldberg v. Whitaker House Co-op, Inc., 366

U.S. 28, 33 (1961); Aimable v. Long & Scott Farms, Inc., 20 F.3d 434, 439 (11th Cir. 1994).  The

economic realities test "does not depend on technical or isolated factors," or on "the form of the

4

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

relationship," but rather "depends . . . on the economic reality" and "the circumstances of the whole activity," given "the total work arrangement." Hodgson v. Griffin & Brand of McAllen, Inc., 471 F.2d 235, 237–38 (5th Cir. 1973).

Whether or not the parties in question intended to create an employment relationship is irrelevant to the economic realities test. See Donovan v. New Floridian Hotel, 676 F.2d 468, 471 (11th Cir. 1982). Moreover, the mere labeling of an individual as an employee or an independent contractor is not dispositive. See Rutherford Food Corp. v. McComb, 331 U.S. 722, 729 (1947). The courts determine whether the employee depends or depended on the putative employer for his economic livelihood based on the parties' actual working relationship. See Antenor, 88 F.3d at 937– 38. The Eleventh Circuit has also stated that the FLSA specifically covers joint employment relationships. See id. at 929; 29 C.F.R. § 791.2 (defining "joint employment" under the FLSA).

The parties agree that Aron's qualifies as Mr. Jeanneret's employer under the FLSA, and therefore some of the FLSA case law, which relates to whether an individual is an employee or an independent contractor, is largely inapplicable to this case. In determining whether a joint employment relationship exists, the courts consider several relevant factors: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

relative investment in equipment and facilities.[1] See Antenor, 88 F.3d at 932 (citing Aimable, 20 F.3d at 440--45); Santelices v. Cable Wiring, 147 F. Supp. 2d 1313, 1326 (S.D. Fla. 2001) (98-7489-CIV-JORDAN).

The Eleventh Circuit in Antenor noted that in applying the factors, it would be guided by several principles. First, the question of "joint employment" is not dependent on whether the worker is more economically dependent on one putative employer than on the other, because more than one entity can be an employer. Second, the existence of a joint employment relationship depends on the economic reality of all the circumstances, rather than any one factor. Third, the factors are used because they are indicators of economic dependence. Fourth, the joint employment relationship is not determined by a mathematical formula — the court must view each of the factors qualitatively to assess the evidence of economic dependence. Fifth, the inquiry must focus on the issue of economic dependency, not common-law concepts of employment. Sixth, the FLSA is a remedial statute, and courts must construe it broadly. See Antenor, 88 F.3d at 932--33. We are also guided by these principles in this case.

---

[1]The Eleventh Circuit in Aimable drew the first five factors from regulations promulgated by the Secretary of Labor to determine whether a joint employment relationship exists. The Court drew six other factors from various legal decisions to which the regulations refer. See Aimable, 20 F.3d at 439. In Antenor, the Court found that three of those six non-regulatory factors — the opportunity for profit and loss, the permanency and exclusivity of employment, and the degree of skill required to perform the job — are relevant only where the question is whether the workers are independent contractors or employees, and not where the question is whether the workers are employed solely by a contractor or jointly by a contractor and another entity. We therefore will not include these three other factors in our analysis.

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

## C.  MERITS OF PLAINTIFF'S CASE

Defendant Sunshine Companies moves for summary judgment on the two counts of the plaintiff's complaint on the ground that it is not an "employer" under the FLSA, and therefore it is not liable under § 206 or § 207.  Sunshine asserts that while companies in its line of work are often referred to as "employee leasing companies," the label is somewhat misleading, as Sunshine claims it does not actually lease employees to its customers or retain control over them.  Rather, Sunshine states, it merely performed administrative payroll services for a fee, and the plaintiff was solely dependent upon Aron's.  Mr. Jeanneret cross-moves for summary judgment, asserting that Sunshine was in fact an "employer" pursuant to a subscriber service agreement between Sunshine and Aron's.

Plaintiff has contended, and Sunshine has conceded, that Sunshine is an employee leasing company subject to the provisions of Fla. Stat. § 468.520 *et seq.*, and that Sunshine entered into a written subscriber service agreement with Aron's pursuant to the statute.  That statute relates to Florida law regulating the business of employee leasing companies.  Under the statute, "employee leasing" means an arrangement whereby a leasing company assigns its employees to a client and allocates the direction of and control over the leased employees between the leasing company and the client.

Section 468.525(4) provides that the employee leasing company reserves a right of direction and control over leased employees assigned to the client's location, assumes responsibility for the payment of wages to the leased employees without regard to payments by the client to the leasing company, assumes full responsibility for the payment of payroll taxes, retains authority to hire, terminate, discipline, or reassign the employees (although the client company may have the right to

7

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

accept or cancel the assignment of any leased employee), and retains a right of direction and control over management of safety, risk, and hazard control at the work site. Moreover, the employee leasing company must give notice regarding the relationship between the employee leasing company and the client company to each leased employee.

The signed agreement between Sunshine and Aron's contains language that would tend to belie Sunshine's assertions that it was not an employer of the plaintiff. The contract states that it constitutes an agreement between Sunshine and the subscriber (in this case, Aron's) for Sunshine to provide certain services to Aron's in exchange for a fee. The agreement contemplates that Sunshine "agrees to lease" its employees to Aron's. Moreover, the contract states, "It is understood that the relationship created by this agreement is a joint employer relationship pursuant to Florida Statute § 468.520." Plaintiff argues that since Sunshine is an employee leasing company governed by this complex state regulatory scheme, which contemplates that the employee leasing company possesses some aspects of an employer, Sunshine is therefore an "employer" of Mr. Jeanneret under the FLSA.

However, whether an entity is in fact an employer under the FLSA is a question of federal law. The provisions of a state law regulating the employment relationship are only relevant to the extent that the parties actually followed those requirements. The Supreme Court and the Eleventh Circuit have indicated that in determining whether an employment relationship exists, the court must examine the *actual working relationship* between the parties to find whether the worker was economically dependent on the alleged employer. Therefore, we will proceed to examine the actual working relationship between Sunshine and the plaintiff under the multi-factor test outlined in

8

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

Antenor, and consider the language of the subscriber service agreement if and where it is appropriate.

### 1. *Nature and Control of Workers*

The first indicator of joint employment status concerns the nature and degree of the alleged employer's control of the employee.  The Eleventh Circuit's cases Antenor and Aimable both involved a group of seasonal agricultural workers who sued the landowners and labor contractor to enforce wage requirements under the FLSA and the Migrant and Seasonal Agricultural Worker Protection Act (MSAWPA).  The Antenor Court stated that indicia of control include determining the number of workers hired for a job, when work should begin on a particular day, which workers should be assigned to specific tasks, and whether a worker should be disciplined or retained.  See Antenor, 88 F.3d at 933.

Sunshine asserts that it never engaged in any direction or control of the leased employees, but rather that Aron's alone exercised control over the tow truck employees.  According to Sunshine, Aron's, during all times relevant, solely and exclusively determined the number of workers hired for a job, set the workers' schedules, determined their job responsibilities, managed their day-to-day activities, and otherwise exercised exclusive control over the employees.

Plaintiff points out that the subscriber service agreement states in subsection 5(G) that Sunshine "retains authority to hire, terminate, discipline, and reassign the leased employees."  This language essentially incorporates the requirement of Fla. Stat. § 468.525(4)(d).  However, plaintiff has proffered no evidence tending to dispute the assertion that Aron's, and not Sunshine, in practice

9

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies. II. Inc
Case No. 01-8001-CIV-HURLEY

exercised exclusive control over Mr. Jeanneret and the other tow truck employees' day-to-day work.

Sunshine maintains that while the contract contains this language, if Sunshine "hired" an employee, it simply meant that Sunshine would begin performing payroll services with respect to that worker. If Sunshine "terminated" an employee, it simply meant that Sunshine would stop performing such services — it does not mean that the employee would stop working. In fact, another portion of the contract indicates that Aron's would exercise exclusive control over the employees: "[Aron's] is the employer solely responsible for the day to day job duties of all employees leased to it by [Sunshine], such responsibility being assigned to [Aron's] by virtue of this mutually agreed to contract. and Subscriber hereby expressly absolves [Sunshine] of control or the right to exert any control over any and all day to day job duties of any and all leased employees leased by [Sunshine] to [Aron's]." Agreement ¶ 5(E). Since there is no genuine dispute that Aron's exercised exclusive control over Mr. Jeanneret's employment, consideration of this factor supports a finding that Sunshine was not a joint employer.

## 2. Degree of supervision of the work

The second prong of the analysis is determining the putative employer's degree of oversight or supervision, direct or indirect, of the work. The Eleventh Circuit stated that "supervision is present whether orders are communicated directly to the laborer or indirectly through the contractor." Aimable, 20 F.3d at 441. This factor is similar to the previous factor. Sunshine argues that none of its agents ever monitored, oversaw, or supervised the work performance of the plaintiff or any of the other employees, but rather that Aron's directly supervised the work.

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

Again, the plaintiff points to portions of the subscriber service agreement that purport to grant Sunshine some powers of an employer. However, there is no evidence that Sunshine ever actually supervised Mr. Jeanneret's work. This is not similar to the situation in <u>Antenor</u>, where the Eleventh Circuit found that the growers (the alleged joint employer) supervised the pickers in substantial ways by telling them when picking could begin, distributing boxes, and directly intervened in the pickers' work on a daily basis. Moreover, there is not even a provision in the agreement to which the plaintiff could point whereby Sunshine was granted the power to supervise Mr. Jeanneret's work.

The agreement does contain, however, a provision whereby Sunshine "retains the right of direction and control over management of safety, risk, and hazard control to the worksite or sites affecting its leased employees." Agreement ¶ 5(G). This provision mirrors the requirement of Fla. Stat. § 468.525(4)(e). Sunshine asserts that Aron's maintained exclusive control of safety, risk, and hazard conditions at its work site, and performed safety inspections of its premises and equipment, and promulgated employment policies and safety policies. Sunshine does admit that it occasionally consulted with Aron's regarding safety conditions, for a fee. Nonetheless, upon consideration of the second factor, there is no evidence that Sunshine in practice supervised Mr. Jeanneret's work.

### 3. *Right to hire, fire, or modify the workers' employment conditions*

The third factor relates to whether the alleged employer possessed the right to hire, fire, or modify the worker's employment conditions. Sunshine asserts that at no time did it have any power to hire, fire, discipline, or reassign workers employed with Aron's. Rather, Sunshine claims, Aron's

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II. Inc
Case No. 01-8001-CIV-HURLEY

had the exclusive right to recruit, interview, hire, discipline, and transfer the employees, and set their

working hours and schedules, their sick pay, vacation pay, bonuses, and severance pay.

Plaintiff points to the subscriber service agreement, which states in subsection 5(G) that

Sunshine "retains authority to hire, terminate, discipline, and reassign the leased employees."

However, plaintiff has no evidence drawn from the actual working relationship between Sunshine

and Aron's tending to indicate that Sunshine in fact had the right to hire or fire, or modify the

workers' employment conditions, or ever exercised that right.  This is unlike the situation in

Antenor, where the court found evidence that the growers had the power to veto the labor

contractor's hiring decisions and dictate the hours worked.  There is no evidence under the third

factor to support the contention that Sunshine was a joint employer.


### 4. *Power to determine pay rates or methods of payment*

The next factor is the degree to which the putative employer has the power to determine the

pay rates or the methods of payments of the workers.  Sunshine asserts that it did not and had no

right to determine the pay rates or methods of payment to Aron's employees.  Rather, it claims

Aron's alone determined the pay rates for its employees.  In Antenor, the court stated that pay rate

refers not only to the amount of compensation to be paid, but includes benefits such as worker's

compensation insurance and social security, as well as how these various payments are allocated.

Antenor, 88 F.3d at 936.  The court in Antenor found the growers exercised some control over the

workers' pay because the growers deducted funds from their payments to the labor contractor to

cover social security taxes and to purchase worker's compensation insurance, decided which

12

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

insurance to buy, and named themselves as the policy holders. See id. The court stated that such evidence tended to show that the growers, and not the labor contractor alone, established wage rates and benefits for the workers. See id.

There is no indication that the defendant in this case exercised similar control or influence over the plaintiff's pay rates. Plaintiff, however, would point to the fact that Sunshine was the entity making the payments to Mr. Jeanneret and the other employees. However, that fact is relevant as a consideration under the fifth factor, which we will examine next. However, the plaintiff has proffered no evidence that Sunshine was the entity that actually set the pay rates. Therefore, the evidence relevant to this factor does not tend to point to a finding of joint employment.

### 5. Preparation of payroll and payment of wages

The fifth factor, related to the fourth factor discussed above, looks to whether the putative employer was involved in the preparation of payroll and the payment of wages to the workers. See id. According to the Antenor Court, this factor is probative of joint employment because of the likelihood that when a business undertakes to help an independent contractor (in this case, Aron's) prepare its payroll and pay its wages, it is likely that the contractor lacks economic substance on which the workers can solely depend. See id. The Eleventh Circuit found that the fact that the growers computed and segregated social security taxers and purchased worker's compensation to cover the workers indicates that the farmworkers were economically dependent on the growers. See id.

The parties both acknowledge that Sunshine was in fact the entity that made the direct

13

Order Granting Defendant's Motion for Summary Judgment
Jeannerct v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

payment of wages to the plaintiff and paid the applicable taxes and worker's compensation premiums, from its own accounts. Sunshine asserts that it performed the mainly ministerial and administrative tasks of cutting payroll checks to Aron's employees, paying taxes to the appropriate government agencies, and paying worker's compensation premiums to a worker's compensation carrier, but conditioned upon Aron's first providing to Sunshine the funds to cover the payroll checks, taxes, and premiums.

The defendant argues that the whole point of the agreement between itself and Aron's was for Aron's to hire Sunshine to perform its administrative tasks. According to an affidavit filed by Robert Gaines, the chief executive officer of Sunshine at the relevant time, "it was Sunshine's understanding at the time it originally contracted with Aron's that Aron's had the ability to do payroll functions and obtain worker's compensation insurance coverage on their own, but, they simply wished to save time and money by contracting with Sunshine for those functions." Affidavit of Robert Gaines ¶ 7.

Plaintiff notes that the subscriber service agreement, in subsection 5(D), contains a provision stating "[Sunshine] assumes responsibility for the payment of wages to the leased employees, without regard to payments by the client to the leasing company." Plaintiff argues that this contract obligated Sunshine to make payments to the employees regardless of whether funds were sent by Aron's to Sunshine, therefore counseling a finding that Sunshine was the plaintiff's joint employer.

Under this factor, the fact that the defendant prepared the payroll checks and paid taxes and other expenses out of its own accounts is certainly probative evidence of joint employment. Once again, however, plaintiff has failed to present any evidence that the actual working relationship

14

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc
Case No. 01-8001-CIV-HURLEY

among the relevant parties entailed Sunshine's payment of wages regardless of whether it received

funds designated for wage payments.  Sunshine has stated that it would not have made wage

payments to the Aron's employees regardless of whether Aron's first paid Sunshine. But in practice,

Sunshine asserts, the situation never arose where Aron's did not first pay the payroll funds to

Sunshine.

Moreover, an examination of subsection 5(D) in its entirety indicates that Sunshine's claim

that it merely acted as a payroll service for Aron's is largely consistent with what the subscriber

agreement contemplated that Sunshine would do: pay wages through its own payroll, administer the

withholding of taxes, pay the worker's compensation insurance premiums, and maintain payroll

records. If Sunshine made payments regardless of whether it first received payment from Aron's,

that would tend to indicate that Aron's lacked economic substance, and that the employees were

economically dependent on Sunshine.  But the plaintiff has neither alleged nor proffered any

evidence tending to prove that Sunshine made payroll payments regardless of whether it first

received corresponding funds.  Therefore there is little evidence under this factor tending to prove

joint employment.

### 6. *Ownership of facilities where work occurred*

The sixth factor indicative of an employment relationship, the ownership of the facilities

where the relevant work occurred, is probative of joint-employment status for the obvious reason

that without the land, the worker might not have work, and because a business that owns or controls

the work site will likely be able to prevent labor law violations. See Antenor, 88 F.3d at 937. The

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

defendant argues that since Aron's, and not Sunshine, owned all the facilities where the plaintiff worked, this factor favors a finding of no joint employment relationship. Significantly, plaintiff does not contest this assertion. The fact that Aron's owned the facilities where the plaintiff worked tends to prove that Aron's had its own independent economic status, and that plaintiff was not economically dependent on Sunshine.

### 7. *Performance of a line job integral to the defendant's business*

The seventh factor considered by the court in <u>Antenor</u>, whether the worker performed a line job integral to the putative employer's business, is probative of joint employment because a worker who performs a routine task that is a normal and integral phase of the defendant's business is likely to be dependent on the defendant's overall enterprise. Sunshine asserts that Mr. Jeanneret, as a tow truck driver, performed a job that was integral to Aron's business (tow truck services) but not to Sunshine's (employee leasing services/ payroll services). Plaintiff has adduced no evidence tending to dispute this contention. It appears that the plaintiff's job was not an integral part of the defendant's employee leasing business, and therefore this factor counsels against a finding of joint employment.

### 8. *Investment in equipment and facilities*

The final factor to be considered is the relative degree of investment in equipment and facilities by Aron's and Sunshine. This factor is probative because it is more likely that the worker is economically dependent on the entity that supplies the equipment or facilities. Moreover, the

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II. Inc
Case No. 01-8001-CIV-HURLEY

<u>Antenor</u> Court concluded that this factor was relevant to the joint employment inquiry as well as cases where the issue is whether a worker is an employee or an independent contractor. <u>See id.</u> at 937. The Eleventh Circuit stated that the labor contractor in <u>Antenor</u> provided no equipment or vehicles of his own, and the growers owned virtually all the equipment and facilities used by the farmworkers. <u>See id.</u> Sunshine asserts that Aron's owned all the equipment and facilities — such as the tow trucks — used by the plaintiff and his co-workers while working at Aron's. Plaintiff does not dispute this. Therefore, the evidence pertaining to this factor tends to prove that Sunshine was not a joint employer of the plaintiff.

· · ·

Plaintiff has not provided any substantial proof that Sunshine acted as his employer while he worked at Aron's, or that he was in any sense economically dependent on Sunshine the way that the farmworkers in <u>Antenor</u> were dependent on the growers. Plaintiff simply argues that Sunshine and Aron's stipulated in their subscriber service agreement that the relationship created therein was one of "joint employers" and that Sunshine admits that it is governed by Florida's employee leasing company statute, which provides that the leasing company is the employer.

Plaintiff's contention that the Eleventh Circuit's decisions in <u>Antenor</u> and <u>Aimable</u> are inapplicable is wholly absurd. The circuit court acknowledged that more than one entity can be an employer. The economic realities test is simply a tool to determine whether a particular entity is an employer with respect to a worker. Moreover, there appears to be no dispute between the parties that Aron's was an employer — no one is contending that Mr. Jeanneret was an independent contractor.

17

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

Plaintiff's makes the odd statement that "[i]f the Court were to apply these cases [Antenor and Aimable] to the present case, clearly Sunshine would be more akin to the labor contractors than to the farm owners since Sunshine hired and paid the employees. Accordingly, these cases further support Plaintiff's contention that Sunshine was Plaintiff's employer." This is an example of disjointed reasoning, not meritorious legal argument.

To reiterate — the determination of whether an entity is an employer is a matter of federal law, notwithstanding any labels conferred by state law. See Antenor, 88 F. 3d at 929. The Eleventh Circuit outlined the economic realities test that specifically looks to the actual economic relationship among the putative employers and the worker — the way the parties conducted themselves in practice. Plaintiff pores over the fine print of a contract which the parties to the contract in large part ignored. This is similar to the situation in Santelices, where the plaintiff argued that an agreement between one employer and another entity provided that the entity would assist with payroll, thereby demonstrating that the entity was a joint employer. The district court, however, stated that assuming the entity actually retained a right to such control, "these technical contractual concepts alone do not satisfy the 'economic realities' test." Santelices, 147 F. Supp. 2d at 1327 (98-7489-CIV-JORDAN).

Plaintiff's assertions may indicate that Sunshine acted in violation of Florida law and its obligations under the contract, but they do not tend to prove that Sunshine was plaintiff's employer under the applicable federal case law. If in fact Sunshine was required to pay the Aron's employees regardless of whether it first obtained payments, then the plaintiff's action would lie only in breach of contract as a third-party beneficiary. The court's review of the evidence with respect to the relevant factors shows that Sunshine does not qualify as an employer under the FLSA.

18

Order Granting Defendant's Motion for Summary Judgment
Jeanneret v. Aron's East Coast Towing, Inc. & Sunshine Companies, II, Inc.
Case No. 01-8001-CIV-HURLEY

## CONCLUSION

For the forgoing reasons, it is hereby **ORDERED** and **ADJUDGED** that the defendant's motion for summary judgment [DE # 20] is **GRANTED** as to all of the plaintiff's claims. The plaintiff's cross-motion for summary judgment [DE # 28] is **DENIED**. A final judgment will be issued in a separate order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this _____ day of January, 2002.

Daniel T. K. Hurley
United States District Judge

*Copies provided to:*

Gregg I. Shavitz, Esq.
Ross Blanchard Ward, Jr., Esq.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 01-8001-CIV-HURLEY

DAVID JEANNERET,

   Plaintiff,

v.

ARON'S EAST COAST TOWING, INC.
and SUNSHINE COMPANIES, II, INC.

   Defendants.

_____/

**CLOSED CASE**

FILED by _____ D.C.

FEB - 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## FINAL JUDGMENT

  **THIS CAUSE** comes before the court upon the court's order granting summary judgment in favor of defendant Sunshine Companies, II, Inc. The court, previously on July 31, 2001, entered a default judgment against defendant Aron's East Coast Towing, Inc. Accordingly, it is hereby

  **ORDERED** and **ADJUDGED** as follows:

  (1) **FINAL JUDGMENT** be entered against the plaintiff David Jeanneret, who shall take nothing by this action, and in favor of the defendant Sunshine Companies, II, Inc., who shall go hence without day. The court reserves jurisdiction to award costs.

  (2) The Clerk of the Court shall enter the case as **CLOSED**; and

  (3) Any pending motions are **DENIED** as moot.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of ~~January~~ *February* 2002.

Daniel T. K. Hurley
United States District Judge

Final Judgment
Jeanneret v. Aron's East Coast Towing, Inc. et al.
Case No. 01-8001-CIV-HURLEY

*Copies provided to:*

Gregg I. Shavitz, Esq.
Ross Blanchard Ward, Jr., Esq.

2

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 15 2002

THOMAS K. KAHN
CLERK

No. 02-11323

D. C. Docket No. 01-08001-CV-DTKH

DAVID JEANNERET,

Plaintiff-Appellant,

versus

ARON'S EAST COAST TOWING, INC.,

Defendant,

SUNSHINE COMPANIES, II, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

(November 15, 2002)

Before WILSON and FAY, Circuit Judges, and GOLDBERG*, Judge.

---

*Honorable Richard W. Goldberg, Judge, U.S. Court of International Trade, sitting by
designation.

PER CURIAM:

We AFFIRM substantially for the reasons set forth in the district court's

Order Granting Defendant's Motion for Summary Judgment, dated January 29,

2002.

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 01-8001-CIV-HURLEY**

DAVID JEANNERET,

     Plaintiff,

v.

ARON'S EAST COAST TOWING, INC.
and SUNSHINE COMPANIES, II, INC.

     Defendants.

_____/

CLOSED CASE

FILED by _____ D.C.

FEB - 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## FINAL JUDGMENT

THIS CAUSE comes before the court upon the court's order granting summary judgment

in favor of defendant Sunshine Companies, II, Inc. The court, previously on July 31, 2001, entered

a default judgment against defendant Aron's East Coast Towing, Inc. Accordingly, it is hereby

**ORDERED** and **ADJUDGED** as follows:

(1)    **FINAL JUDGMENT** be entered against the plaintiff David Jeanneret, who shall

take nothing by this action, and in favor of the defendant Sunshine Companies, II,

Inc., who shall go hence without day. The court reserves jurisdiction to award costs.

(2)    The Clerk of the Court shall enter the case as **CLOSED**; and

(3)    Any pending motions are **DENIED** as moot.

DONE and SIGNED in Chambers at West Palm Beach, Florida, this _4th_ day of ~~January~~ February

2002.

Daniel T. K. Hurley
United States District Judge

Final Judgment
Jeanneret v. Aron's East Coast Towing, Inc. et al.
Case No. 01-8001-CIV-HURLEY

*Copies provided to:*

Gregg I. Shavitz, Esq.
Ross Blanchard Ward, Jr., Esq.

2