UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA and
JENNIFER ANDREWS,

        Plaintiffs,

v.                                       Case No. 8:07-CV-1322-T-24-TGW

PAYCHEX BUSINESS SOLUTIONS,
INC. and GERALD CUGNO,

        Defendants.
_____/

**O R D E R**

This cause comes before the Court for consideration of two sets of cross motions for summary judgment on the threshold issue of whether the defendants were the plaintiffs' employers under the Fair Labor Standards Act (FLSA). The Court considers Defendant Paychex Business Solutions, Inc.'s (PBS) Motion for Summary Judgment (Doc. No. 96), Plaintiffs' Motion for Partial Summary Judgment against PBS (Doc. No. 99), and the responses to those motions (Doc. Nos. 105, 107, 109, 116). Also before the Court is Defendant Gerald Cugno's Motion for Summary Judgment (Doc. No. 100), Plaintiffs' Motion for Partial Summary Judgment against Cugno (Doc. No. 98), and the responses to those motions (Doc. Nos. 104, 111).

These motions were considered by United States Magistrate Judge Thomas G. Wilson pursuant to an order of referral. Magistrate Judge Wilson heard oral argument on the motions on October 10, 2008. He then filed two Reports and Recommendations, one for each set of cross motions for summary judgment.

## I. Report and Recommendation on PBS's and Plaintiffs' Cross Motions for Summary Judgment

Regarding the issue of whether PBS was Plaintiffs' employer under the FLSA, Magistrate Judge Wilson concluded that Plaintiffs failed to show that they were economically dependent on PBS for their livelihood, and therefore, PBS was not their employer under the statute. Accordingly, he recommended that PBS's Motion for Summary Judgment be granted and Plaintiffs' Motion for Partial Summary Judgment against PBS be denied. (Doc. No. 154.)

In reaching this conclusion and recommendation, Magistrate Judge Wilson declined to consider the deposition testimony of Defendant Gerald Cugno, the CEO of Premier, or the deposition testimony of Jeremy Lube, Premier's operations chief. The testimony was not given in this case, but rather, was given in *Vondriska v. Premier Mortgage Funding, Inc.*, 8:06-cv-1492-T-27MAP, a case in which Defendant PBS was not a party. Magistrate Judge Wilson sustained PBS's objections to the consideration of this deposition testimony against it under Rule 32 because, as PBS argued, PBS was neither present nor represented at the depositions, nor did it receive any notice of the depositions, and Plaintiffs offered no evidence controverting this argument.

The parties were furnished copies of this Report and Recommendation on January 23, 2009, and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs filed objections to the Report on February 6, 2009, and PBS filed a response to those objections on February 27, 2009. (Doc. Nos. 156, 159).

Upon review of the entirety of the record, including the underlying motions and responses, the Report and Recommendation, Plaintiffs' objections, and PBS's response to those objections, it is determined that Magistrate Judge Wilson's well-reasoned Report and

Recommendation should be adopted.  The issue of whether PBS was an employer under the FLSA has been thoroughly briefed by the parties and analyzed by the Magistrate Judge, and needs no further analysis here.

The Court, however, does wish to address Plaintiffs' objection to Magistrate Judge Wilson's decision not to consider Cugno's and Lube's deposition testimony against PBS.  Plaintiffs argue, for the first time, that the depositions could have been considered as affidavits submitted in support of their summary judgment motion under Rule 56(e).  Plaintiffs cite non-controlling cases in which courts "have rejected the notion that [Rule 32] governs the use of deposition testimony at a hearing or a proceeding at which evidence in affidavit form is admissible." *Tormo v. Yormark,* 398 F. Supp. 1159, 1168 (D.N.J. 1975); s*ee also, Microsoft Corp. v. Very Competitive Computer Prods. Corp.*, 671 F. Supp. 1250, 1254 n.2 (N.D. Cal. 1987) ("Deposition testimony given on personal knowledge that is presented in lieu of affidavits may be considered by the court as substitute affidavits for purposes of motions that require support by affidavits despite their inadmissibility under Fed.R.Civ.P. 32.  There is no need to require the party presenting the deposition testimony to obtain an affidavit that reiterates the information given in the deposition.") (citations omitted); 8A Wright, Miller & Marcus, *Federal Practice and Procedure*, § 2142, p.164 (2d ed. 1994) (stating that "depositions can be used more freely on motions than [Rule 32] would seem to indicate").  Plaintiffs contend that Cugno's and Lube's depositions, which were taken under oath, are "at least as good as affidavits," *Tormo*, 398 F. Supp. at 1168-69, and therefore, it would be redundant and unnecessary to require Plaintiffs to rewrite the testimony in affidavit form.

Putting aside the fact that Plaintiffs likely waived this argument because they did not

raise it in their motions or at oral argument, *see U.S. v. DeGayner*, Case No. 6:06-cv-1462-Orl-19KRS, 2009 U.S. Dist. LEXIS 5658, at *4, n.1 (M.D. Fla. Jan. 15, 2009) (noting that several circuits have found that the district courts have discretion to deem arguments that were not presented to the magistrate judge to be waived), the argument has no merit. Plaintiffs have not cited any controlling authority that would permit this Court to ignore the Eleventh Circuit's clear instruction that depositions used at summary judgment must comply with Rule 32, which requires that the party against whom the depositions are offered be "present, represented, or reasonably noticed." *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 751 (11th Cir. 2002).

Moreover, Plaintiffs have not shown that the depositions "set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(e). The Court specifically rejects Plaintiffs' contention that the depositions would be admissible under the residual hearsay exception contained in Rule 807–the only basis upon which Plaintiffs contend the depositions would be admissible–because Plaintiffs have not met their burden of establishing that the deposition statements have "equivalent circumstantial guarantees of trustworthiness" as those covered by Rules 803 or 804. Indeed, the biased testimony of self-interested officers of the defendant company, who were not cross-examined by PBS, does not meet the trustworthiness standard of Rule 807. *See United States v. Fernandez*, 892 F.2d 976, 982 (11th Cir. 1989) (noting that the residual hearsay exception is to be used "only rarely, in truly exceptional circumstances"). Accordingly, Magistrate Judge Wilson's Report and Recommendation is adopted in its entirety.

## II. Report and Recommendation on Cugno's and Plaintiffs' Cross Motions for Summary Judgment

Magistrate Judge Wilson filed a separate Report and Recommendation regarding the issue of whether Cugno was Plaintiffs' employer under the FLSA. He concluded that factual issues exist as to whether Cugno exercised sufficient control over the company's operations to render him an employer under the FLSA. Therefore, he recommended that both Cugno's and Plaintiffs' motions for summary judgment be denied. (Doc. No. 155.)

The parties were furnished copies of this Report and Recommendation on January 26, 2009, and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). No objections were filed. Upon consideration of the Report and Recommendation and this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED AND ADJUDGED** that:

(1) Magistrate Judge Wilson's Report and Recommendation (Doc. No. 154) is adopted and incorporated by reference in this Order of the Court;

(2) Defendant Paychex Business Solutions, Inc.'s Motion for Summary Judgment (Doc. No. 96) is **GRANTED**; and Plaintiffs' Motion for Partial Summary Judgment against Defendant Paychex Business Solutions, Inc. (Doc. No. 99) is **DENIED**;

(3) Magistrate Judge Wilson's Report and Recommendation (Doc. No. 155) is adopted and incorporated by reference in this Order of the Court;

(4) Defendant Gerald Cugno's Motion for Summary Judgment (Doc. No. 100) is **DENIED**; and Plaintiffs' Motion for Partial Summary Judgment against

Defendant Gerald Cugno (Doc. No. 98) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record