UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA and
JENNIFER ANDREWS,

        Plaintiffs,

vs.

        Case No. 8:07-cv-1322-T-24-TGW

GERALD CUGNO,
PAYCHEX BUSINESS SOLUTIONS, INC.,
and GEVITY HR, INC.,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendant Paychex Business Solutions, Inc.'s Verified Motion to Tax Costs and Attorney's Fees and Incorporated Memorandum of Law (Doc. No. 170). Plaintiffs Deana Vondriska and Jennifer Andrews have filed a Memorandum of Law in opposition thereto (Doc. No. 173).

**I.    Background**

Plaintiffs brought this suit to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA). The Court bifurcated discovery into two phases, the first of which was limited to the issue of whether the defendants were Plaintiffs' "employers" as that term is defined under the FLSA.

At the completion of the first phase of discovery, Defendant Paychex Business Solutions, Inc. (PBS) moved for summary judgment on the grounds that it was not Plaintiffs' employer. The Court determined that PBS was entitled to summary judgment, finding that PBS was not

Plaintiffs' employer under the FLSA, and judgment was entered in PBS's favor.

## II. Discussion

As a result of that ruling, PBS now moves to recover its court costs, expenses, and reasonable attorneys' fees incurred in defending this action pursuant to a number of grounds. First, as the prevailing party, PBS contends that it is entitled to recover its costs incurred since the inception of the case pursuant to Rule 54 of the Federal Rules of Civil Procedure. Second, PBS contends that it is entitled recover court costs, expenses, and reasonable attorneys' fees pursuant to the FLSA because Plaintiffs initiated and litigated their claims in bad faith. Additionally, PBS contends that it is entitled to recover its attorneys' fees and costs pursuant to 28 U.S.C. § 1927.

### A. Costs

Under Federal Rule of Civil Procedure 54, PBS is entitled to court costs as a matter of right because it was a prevailing party. The costs that PBS can recover under Rule 54 are those costs identified in 28 U.S.C. 1920.

PBS asserts that it incurred court costs amounting to $3,495.10, which consists of $3,345.90 in depositions and transcripts costs and $149.20 in photocopy costs. Plaintiffs argue that reimbursement for both the transcript charge and the video deposition charge for the depositions of Craig Hill and Crystal Starr would be excessive. The Court agrees. In Ferguson v. Bombardier Servs. Corp., No. 8:03-539, 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007), the court held:

> The costs of a video deposition may be taxed under section 1920(2) if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party to the method of recording pursuant to Federal Rule of

>Civil Procedure 26(c). See Morrison v. Reichhold Chems. Inc., 97 F.3d 460, 464-65 (11th Cir. 1996). However, for such costs to be taxable, the prevailing party must explain why it was necessary to obtain a copy of both videotaped and transcribed depositions for use in the case. *Id.*

In the instant case, PBS has failed to explain sufficiently why it is entitled to be reimbursed for the costs of *both* types of records, nor does it explain why both types were necessary for the defense of Plaintiff's claims. These duplicative video costs totaling $341.25 will be denied.

Plaintiffs do not dispute PBS's entitlement to recover the remainder of the costs incurred. Accordingly, PBS's motion is granted in part to the extent that this Court awards PBS court costs in the amount of $3,153.85, which represents the total costs incurred of $3,495.10 minus $341.25 in video deposition charges.

**B.      Attorneys' Fees**

PBS next contends that it is entitled to an award of attorneys' fees totaling $185,070.00, pursuant to 28 U.S.C. § 1927 and the Court's inherent powers under the FLSA. For several reasons, the motion must be denied.

The FLSA permits an award of attorneys' fees in favor of a prevailing defendant where a plaintiff has acted in bad faith. Kreager v. Soloman & Flanagan, P.A., 775 F.2d 1541, 1544 (11th Cir. 1985). The standard for "bad faith" is "where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (citations omitted). The court's inquiry should "focus primarily on the conduct and motive of a party, rather than on the validity of the case." Rothenberg v. Sec. Mgmt. Co., Inc., 736 F.2d 1470, 1472 (11th Cir. 1984) (citations omitted).

PBS has failed to demonstrate that Plaintiffs acted in bad faith in initiating or continuing

to litigate this suit. Although PBS contends–and Plaintiffs do not dispute–that, at an early stage of the litigation, it provided Plaintiffs' counsel with case law in which PBS and other employee leasing companies were found not to be an "employer" under the FLSA, those cases were factually distinguishable from the instant case. Plaintiffs' claims were not so clearly precluded by those cases to support a finding of bad faith, especially considering that the term "employer" is broadly defined in the FLSA. Notably, there is no per se rule in this circuit that PBS will never be considered an "employer" under the statute. Rather, it was only after a lengthy and fact-specific analysis that the Court reached its conclusion that PBS was not Plaintiffs' employer.

Title 28 U.S.C. § 1927 authorizes district courts to "assess attorneys' fees against litigants, counsel and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (quotation omitted). To justify sanctions under section 1927, a court must find that three conditions are met: "First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings . . . ." Hudson v. Int'l Computer Negotiations, Inc., 499 F.3d 1252, 1262 (11th Cir. 2007) (citations omitted).

To satisfy the first prong, PBS must demonstrate that Plaintiffs' attorneys' conduct was "so egregious that it [was] tantamount to bad faith," and that counsel "knowingly or recklessly pursue[d] a frivolous claim." Id. (citations omitted). "Frivolous claims" in the context of section 1927 means "[c]laims predicated on outrageous, scandalous, and slanderous allegations, or based on false and unsupported allegations." New York Life Ins. Co. v. Waxenberg, No. 8:07-401,

2009 WL 632896, *5 (M.D. Fla. Mar. 11, 2009) (citing Beard v. Annis, 730 F.2d 741, 745 (11th Cir. 1984)).

PBS has failed to meet the high threshold for sanctions under section 1927 as it is unable to show that Plaintiffs acted objectively unreasonably, vexatiously, maliciously, or in a manner tantamount to bad faith in bringing this suit. Although Plaintiffs' claims against PBS were ultimately dismissed at summary judgment, the claims were at least minimally supported by the facts and law to demonstrate that they were filed in good faith. Moreover, PBS has failed to demonstrate that Plaintiffs, or their counsel, engaged in unreasonable or vexatious conduct during the course of this litigation. Therefore, PBS is not entitled to an award of attorneys' fees.

### III.   Conclusion

For the reasons stated, Defendant Paychex Business Solutions, Inc.'s Verified Motion to Tax Costs and Attorney's Fees (Doc. No. 170) is **GRANTED IN PART AND DENIED IN PART**. Defendant Paychex Business Solutions, Inc. is granted costs in the amount of $3,153.85.

**DONE AND ORDERED** in Tampa, Florida, this 26th day of May, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record