# United States Court of Appeals
## For the Eleventh Circuit

No. 09-12577

District Court Docket No.
07-01322-CV-T-24-TGW

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Feb 4, 2010
JOHN LEY
ACTING CLERK

DEANA VONDRISKA, individually and on behalf
of other similarly situated employees,
JENNIFER ANDREWS, individually and on behalf
of other similarly situated employees,

    Plaintiffs-Appellants,

versus

GERALD CUGNO,
PAYCHEX BUSINESS SOLUTIONS, INC.,

    Defendants-Appellees,

GEVITY HR, Inc.,

    Defendant.

---

Appeal from the United States District Court
for the Middle District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: February 4, 2010
    For the Court: John Ley, Acting Clerk
    By: Gilman, Nancy



ISSUED AS MANDATE
MAR 0 5 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-12577

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 04, 2010
JOHN LEY
ACTING CLERK

D.C. Docket No. 07-01322-CV-T-24-TGW

DEANA VONDRISKA, individually and on
behalf of other similarly situated employees,
JENNIFER ANDREWS, individually and on
behalf of other similarly situated employees,

Plaintiffs-Appellants,

versus

GERALD CUGNO,
PAYCHEX BUSINESS SOLUTIONS, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

(February 4, 2010)

Before BARKETT, PRYOR and HILL, Circuit Judges.

HILL, Circuit Judge:

Deana Vondriska appeals the entry of summary judgment against her in this action under the Fair Labor Standards Act ("FLSA"). The district court held that the defendant, Paychex Business Solutions, Inc., was not Vondriska's employer for purposes of the Act. For the following reasons, we vacate the judgment and remand for further proceedings.

## I.

Paychex Business Solutions, Inc. ("Paychex") is an employee leasing company that provides administrative services to business clients, including payroll processing, employee benefits, and human resource consulting. Premier Mortgage Funding ("Premier") engaged Paychex to provide a variety of administrative services.

Deana Vondriska originally filed suit against Premier for failure to pay minimum wage and overtime compensation in violation of the FLSA. Subsequently, Premier filed for bankruptcy and this action was stayed as to it. Vondriska amended her complaint to name Paychex as a defendant. On Paychex's motion, the district court bifurcated the proceedings to make an initial determination as to whether Paychex was Vondriska's employer. The parties filed cross-motions for summary judgment on the employer issue and the matter was

referred to a magistrate judge.

Paychex attached to its motion for summary judgment the depositions of Premier's President and its Director of Operations, both taken prior to the time Paychex was added as a defendant and at which it was neither noticed nor present. The magistrate refused to consider the depositions under the authority of Rule 32(a), Fed. R. Civ. P., and recommended to the district court that it enter summary judgment against Vondriska on the employer issue and dismiss the case.

In its objections to the magistrate's report and recommendation, Vondriska for the first time urged the district court to treat the depositions as affidavits under Rule 56(e). The district court held that Rule 32(a) required that it exclude the deposition testimony under these circumstances, and that even if Rule 56 controlled, and the testimony in the depositions were considered as affidavits, that the testimony did not satisfy Rule 56's requirement that it be in a form admissible at trial. The district court considered the merits without the testimony and entered judgment for Paychex.

The district court abused its discretion in holding that Rule 32(a) controls the admission of the testimony in these depositions. In order to support a motion for summary judgment under Rule 56(e), testimony must be sworn, competent and on personal knowledge, and set out facts that would be admissible in evidence at

3

trial. Depositions, even those taken without notice to or the presence of the later non-moving party on summary judgment, can contain such testimony. First of all, like an affidavit, the testimony is sworn. Therefore, it is admissible to the extent that the deponent's testimony was competent, on personal knowledge, and set out facts admissible at trial. *See Bozeman v. Orum*, 422 F.3d 1265, 1267 n. 1 (11th Cir. 2005) (holding that sworn statements before a court reporter where non-moving was neither noticed nor present satisfied requirements of Rule 56(e)); 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994) (stating that deposition testimony is "at least as good as an affidavit and should be usable whenever an affidavit would be permissible"). The district court, therefore, should have considered the testimony contained in the proffered depositions to the extent that the testimony satisfied the other requirements of the rule.

In the alternative, the district court held that even if the depositions were not barred by Rule 32(a), they did not satisfy these requirements of Rule 56(e) inasmuch as the depositions contained hearsay that would have been inadmissible at trial. Our review of the depositions reveals that they contain much testimony that would be admissible at trial. The affiants testified as to Paychex's involvement in and control of Premier's employees, facts relevant to the determination of the employer status of Paychex. The affiants were officers of

Premier and, therefore, competent to testify on these matters, and they testified on personal knowledge. To the extent that these depositions contain such testimony, that testimony should have been considered by the district court in ruling on Paychex's employer status.

Accordingly, the district court abused its discretion in excluding the deposition testimony from its consideration of the merits of this action. The judgment is, therefore, due to be

VACATED and REMANDED for further proceedings not inconsistent with this opinion.

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

March 05, 2010

Sheryl L. Loesch
Clerk, U.S. District Court
801 N FLORIDA AVE RM 220
TAMPA FL 33602-3849

**Appeal Number: 09-12577-EE**
Case Style: Deanna Vondriska v. Gerald Cugno
District Court Number: 07-01322 CV-T-24-TGW

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)