UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA, individually
and on behalf of other similarly situated
employees, and JENNIFER ANDREWS,
individually and on behalf of other similarly
situated employees,

       Plaintiffs,

v.                                              Case No.  8:07-cv-1322-T-24-TGW

GERALD CUGNO,
PAYCHEX BUSINESS SOLUTIONS, INC.,
and GEVITY HR, INC.,

       Defendants.
_____/

**ORDER**

This cause comes before the Court on cross motions for summary judgment.  Plaintiffs moved for partial summary judgment on May 1, 2008, asserting that Defendant Paychex Business Solutions, Inc. ("Paychex") was their joint employer under the Fair Labor Standards Act ("FLSA") (Doc. 99).  Paychex moved for summary judgment on the same day, arguing that it was not (Doc. 96).  Both motions were opposed (Docs. 105, 107).  The Court referred the motions to the Magistrate Judge (Doc. 112), who on January 26, 2009, recommended that Plaintiffs' motion be denied and that Paychex's motion be granted (Doc. 154).  The Court adopted the Report and Recommendation on March 11, 2009 (Doc. 161) and entered judgment in favor of Paychex on April 14, 2009 (Doc. 169).  The Eleventh Circuit vacated judgment on February 4, 2010 (Doc. 184).  In its mandate, the Eleventh Circuit stated that this Court incorrectly refused to consider deposition testimony relating to "Paychex's involvement in and

control of Premier's employees" and that such testimony contained "facts relevant to the determination of the employer status of Paychex."  (Doc. 184 at 4.)

The Court cannot conceive of a situation in which an employee leasing company that provided payroll administration and human resources assistance such as the services Paychex provided in this case could be considered an employer under the FLSA;[1] however, the Eleventh Circuit's mandate seems to suggest that further development of the facts is warranted.

Accordingly, both motions for summary judgment (Docs. 96, 99) are DENIED.  The parties are directed to submit an updated Case Management Report by June 21, 2010.  The Clerk is directed to return this case to active status.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of June, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] Indeed, at least four courts within the Eleventh Circuit have held that, under similar facts, such services did not establish joint employer status under the FLSA.  See Jeanneret v. Aron's East Coast Towing, Inc., 2002 WL 32114470 (S.D. Fla. 2002) (unpub. dec.); aff'd, 54 Fed. Appx. 685 (11th Cir. 2002) (unpub. dec.); Salley v. PBS of Central Florida, Inc., 2007 WL 4365634 (M.D. Fla. 2007) (unpub. dec.); Neto v. The Car Salon, LLC and PBS of Central Florida, Inc., Case No. 03-cv-61751 (S.D. Fla. 2004) (unpub. dec.) (Doc. 61); Beck v. Boce Group, L.C., 391 F. Supp. 2d 1183, 1188 (S.D. Fla. 2005).  Notably, the Salley and Neto decisions both involve Paychex.