**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No. 8:07-cv-1322-T-24-TGW**

**DEANA VONDRISKA and JENNIFER ANDREWS,**
**Individually and on behalf of other similarly situated**
**employees,**

    **Plaintiffs,**

**vs.**

**GERALD CUGNO, PAYCHEX BUSINESS SOLUTIONS, INC.,**
**and GEVITY HR, INC.,**

    **Defendants.**

_____/

**DEFENDANT PAYCHEX BUSINESS SOLUTIONS, INC.'S**
**MOTION FOR RECONSIDERATION**

   Defendant Paychex Business Solutions, Inc. ("PBS") respectfully requests that the Court

reconsider its June 3, 2010 Order [D.E. 197] denying PBS' Motion for Summary Judgment [D.E.

96].   The Court issued its June 3, 2010 Order in response to the opinion of the United States

Court of Appeals for the Eleventh Circuit that vacated the Court's previous grant of summary

judgment in favor of PBS and remanded for consideration of certain deposition testimony.

   According to this Court's June 3 Order, the Court interpreted the Eleventh Circuit's

opinion as "suggesting that further development of the facts is warranted," thereby precluding

summary judgment in favor of PBS.   Nothing in the Eleventh Circuit's opinion, however,

mandates this result.   Rather, after considering the deposition testimony at issue as directed by

the Eleventh Circuit, this Court stated that "<u>it cannot conceive of a situation in which an</u>

<u>employee leasing company that provided payroll administrative and human resources assistance</u>

<u>such as Paychex provided in this case could be considered an employer under the FLSA.</u>"

(emphasis added.)   The Court's statement is the functional equivalent of granting summary

judgment in favor of PBS on remand.  Thus, pursuant to the Eleventh Circuit's opinion, this Court should rule consistent with its initial conclusion that PBS is not an "employer" under the Fair Labor Standards Act (FLSA).

### Prior Proceedings in this Court

As the Court may recall, this case was bifurcated into two phases.  The first phase involves discovery and determining the threshold issue of whether PBS was Plaintiffs' "employer," as that term is defined under the FLSA.  Both parties moved for summary judgment on this issue.  In support of their motion for summary judgment, Plaintiffs submitted two depositions taken prior to the time PBS was added as a defendant.  Finding that the depositions did not meet the admissibility requirements of Rules 32(a) and 56, and that PBS was not Plaintiffs' "employer," the Court entered summary judgment for PBS.  Plaintiffs appealed.

### Appellate Proceedings

On appeal, the Eleventh Circuit addressed whether the Court should have considered the depositions and concluded that it should have.  Specifically, the Eleventh Circuit concluded that Rule 32(a) does not control the admissibility of the deposition testimony and that, as required by Rule 56(e), the depositions contained "testimony that would be admissible at trial."

In explaining the nature of the admissible testimony, the Eleventh Circuit noted that the deponents testified about PBS's "involvement in and control of Premier's employees."  Such testimony would, of course, be relevant to PBS' status as an employer.  While the depositions may have contained "relevant" facts, those facts do not necessarily create a genuine issue of fact as to PBS' "employer" status—and the Eleventh Circuit in no way suggested that they did.  The Eleventh Circuit ruled only that this Court consider the deposition testimony.  The Eleventh Circuit did *not* conduct a substantive analysis to determine whether the depositions created a

genuine issue on PBS' status as an "employer."  If after considering the deposition testimony, the Court still feels that it "cannot conceive of a situation in which . . . [PBS] could be considered an employer under the FLSA," then summary judgment for PBS is more than appropriate and in no way precluded by the Eleventh Circuit's opinion.  The Eleventh Circuit vacated the grant of summary judgment in favor of PBS and remanded the matter to this Court for further proceedings.

**Proceedings after Remand**

Following the Eleventh Circuit's opinion, the Court held a status conference to determine how to proceed with the first phase.  Notably, neither party suggested that the Eleventh Circuit had already made a finding on the effect of the deposition testimony on the "employer" issue. Instead, the parties requested that they each be permitted to submit briefs addressing whether the deposition testimony changed the Court's original conclusion.   The Court granted the parties' joint request, instructing them to brief the relevance of the depositions for purposes of the pending motions for summary judgment.

In its brief, PBS asserted that "consideration of the depositions of [Cugno] and [Lube] changes neither the analysis nor the result [that PBS was not an employer under the FLSA]".  As evidenced in the Court's June 3 Order, the Court unequivocally agreed with PBS.

Despite stating that it "cannot conceive of a situation" in which PBS could be considered an employer under the FLSA, the Court denied PBS' motion for summary judgment.  The overwhelming record evidence in this case—highlighted by Plaintiffs' own deposition testimony —shows that PBS was not Plaintiffs' employer under the FLSA.  This Court stated that it cannot conceive of any other conclusion.  Thus, PBS is entitled to summary judgment as a matter of law.

Wherefore, PBS respectfully requests that the Court reconsider its June 3, 2010 Order and enter summary judgment in favor of PBS.

Respectfully submitted,

HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3000
Miami, FL  33143
Tel:  (305) 789-7709
Fax: (305) 789-7799

s/Edward Diaz
Edward Diaz
Fla. Bar No. 988091
edward.diaz@hklaw.com
Erika R. Royal
Fla. Bar No. 154385
erika.royal@hklaw.com

*Attorneys for Defendant*
*Paychex Business Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

*I Hereby Certify* that on June 15, 2010 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

Matthew H. Morgan , Esq.
Nichols Kaster & Anderson, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
*Attorneys for Plaintiff*

Mathew Fenton, Esq.
Wenzel & Fenton, P.A.
633 N. Franklin Street, Suite 500
Tampa, Florida 33602
*Attorneys for Plaintiff*

Benjamin J. Mollo, Esq.
3001 Executive Drive,
Suite 330
Clearwater, FL 33762
*Attorney for Defendant Cugno*

<u>s/Edward Diaz</u>
edward.diaz@hklaw.com

# 9521103_v1