UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA, et al.,

      Plaintiffs,

v.                                    Case No. 8:07-cv-1322-T-24 TGW

GERALD CUGNO, et al.,

      Defendants.

_____/

**<u>ORDER</u>**

    This cause comes before the Court on a Motion for Reconsideration and request for oral argument filed by Defendant Paychex Business Solutions, Inc. ("PBS").  (Dkt. 198, 199.)  PBS seeks reconsideration of the Court's June 3, 2010 order denying PBS's motion for summary judgment.  (Dkt. 197.)  The Court issued its June 3, 2010 order in response to the opinion of the U.S. Court of Appeals for the Eleventh Circuit that vacated the Court's previous grant of summary judgment in favor of PBS and remanded for further proceedings.

    Reconsideration, or rehearing, is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Int'l Union of Painters v. Argyros*, No. 05-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007) (citations and quotations omitted).  A party seeking rehearing has the burden to "demonstrate why the court should reconsider its prior decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (citations and quotations omitted).  To establish a basis for rehearing, Plaintiff must show either: "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or

manifest injustice." *Id.* (citations and quotations omitted).

PBS contends that the Court misinterpreted the Eleventh Circuit's opinion and instructions on remand. According to PBS, the Eleventh Circuit instructed only that the Court *consider* the two depositions of Premier officers to determine whether there exists a genuine issue of material fact as to PBS's employer status. The appellate court did not rule that, as a matter of law, the depositions did create one. PBS therefore urges the Court to consider those depositions and to grant summary judgment in its favor.

The Court agrees with that interpretation. To be sure, the Court has reviewed and considered the depositions of Gerald Cugno and Jeremy Lube, along with the entire the record. However, the Court is convinced that the following portions of those depositions raise triable issues of fact regarding whether PBS was an employer under the FLSA.

Gerald Cugno testified: that PBS was Premier's human resources department and that when "[p]eople have problems; they go to HR" (Cugno 29-31); that PBS handles employee complaints (Cugno 31); that PBS participated in the decision to terminate an employee under certain circumstances (Cugno 33); that PBS provided training regarding salary determinations (Cugno 35); that PBS was involved in classifying employees as exempt or non-exempt (Cugno 36-37, 81-82); that Cugno "went to [PBS] for many answers on what to do," including how to "[p]ay and classify" employees (Cugno 82); that Cugno relied on PBS to assist in monitoring compliance with the FLSA (Cugno 106); and that PBS reviewed and maintained employee time records (Cugno 121-22). Lube testified: that PBS was in charge of employee benefits (Lube 30); that PBS would know how the employees are classified (Lube 38); that PBS keeps track of employee hours (Lube 40-41); that PBS handles human resources functions, including providing

2

seminars to employees (Lube 44-45, 56); that Premier does not have anyone to ensure compliance with FLSA regulations, which is why the company uses PBS, and that PBS provides training on employee classification (Lube 52-53); that the company's handbook is provided by PBS (Lube 57, 76); and that if Lube had a human resources issue, he would go to the PBS person on site for assistance (Lube 101-02).

The Court must view this testimony in the light most favorable to the plaintiffs, and in doing so, it concludes that the record, at the very least, is unclear whether PBS was the plaintiffs' employer.  The testimony raises triable issues regarding whether PBS was more than merely a payroll processor, but also provided human resources services and exercised control and supervision over the plaintiffs to such an extent that it qualified as an employer under the FLSA. The parties' cross motions for summary judgment (Dkt. 96, 99) therefore must be **DENIED**.

Accordingly, PBS's Motion for Reconsideration is **GRANTED** to the extent that the Clerk is directed to **VACATE** and remove from the docket sheet the Court's June 3, 2010, order (Dkt. 197).  This order replaces the June 3, 2010 order.[1]  Otherwise, the motion and request for oral argument are **DENIED**.

Having ruled on the motion for reconsideration, PBS's additional motion for enlargement of time to file an updated case management report until the motion for reconsideration is resolved (Dkt. 200) is **DENIED AS MOOT**.  The parties are directed to file an updated case management report by **June 28, 2010.**

---

[1]The order docketed on June 3, 2010 was an early version of the Court's order and was docketed by mistake.  It is no longer a part of the case file.

3

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2010.

SUSAN C. BUCKLEW
United States District Judge

4