UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:07-CIV -01322-T-24-TGW

DEANA VONDRISKA, JENNIFER
ANDREWS, individually and on behalf
of other similarly situated employees,

    Plaintiffs,
vs.

GERALD CUGNO, PAYCHEX BUSINESS
SOLUTIONS, INC., AND GEVITY HR, INC.,

    Defendants.
_____/

## DEFENDANT, PAYCHEX BUSINESS SOLUTIONS, INC.'S, REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO BIFURCATE AND FOR SEPARATE TRIAL ON THRESHOLD ISSUE AND INCORPORATED MEMORANDUM OF LAW

    Incredibly, Plaintiffs argue that, because this Court denied PBS's Motion for Summary Judgment, a final ruling has been issued and the employer issue has been resolved. It is not immediately clear, however, how Plaintiffs can credibly assert that the issue has been resolved when no final determination on the issue has been made. Plaintiffs' claim that PBS "failed in its attempt to avoid liability through motion practice" is a flippant mischaracterization and understatement of what has occurred in this case, to date. Rather, in its June 12, 2010, Order [DE 201], the Court simply concluded that summary judgment was not available to any party because "triable issues exist" and "the record, at the very least, is unclear whether PBS was the Plaintiffs' employer." No final determination on the threshold issue has been made. Accordingly, PBS's motion to bifurcate seeks a trial, and thus, *final* resolution of the legal question of whether PBS was Plaintiffs' employer and is therefore liable to Plaintiffs under the FLSA.

In their Opposition, Plaintiffs argue that PBS' motion to bifurcate should be denied because: (1) PBS requests a bench trial rather than a jury trial; (2) PBS cannot show good cause to justify another stay of the merits; and (3) PBS' motion requires two trials on the employer issue, including separate trials for each Defendant. Plaintiffs are wrong and they mischaracterize the facts and the relief sought by PBS.

First, in its principal memorandum, PBS did not request a bench trial rather than a jury trial.[1] Indeed, PBS, relying on controlling Eleventh Circuit law, stated that the threshold employer issue is "a question of law with subsidiary findings of fact." [DE 203] Further, because all discovery on the threshold issue has been complete, a separate trial on the potentially case-dispositive issue would avoid prejudice and conserve judicial resources.

Second, PBS has demonstrated good cause to support its motion. Resolving the issue at a separate trial will allow the parties to avoid extensive, costly and far-reaching discovery, ensure efficient use of judicial resources, and avoid prejudice to PBS. Notably, the threshold employer issue is a discrete issue, all discovery on the issue has been completed, and the issue is ready for trial.

In support of their Opposition, Plaintiffs rely primarily on non-controlling cases, outside of this jurisdiction, and on cases with distinguishable facts. For example, Plaintiffs' reliance on *Computer Associates International, Inc. v. Simple.com, Inc.,* 247 F.R.D. 63 (E.D.N.Y. 2007) and

---

[1] Interestingly, however, the court in *Russell v. Promove, LLC*, a case relied upon by Plaintiffs, and a case where Plaintiffs' counsel represented the plaintiffs - concludes that the question of "employer" status is to be determined by the court, not the jury. Specifically, the court stated:

> "In moving for summary judgment, Defendant White requests that this Court determine as a matter of law, and prior to trial, that he is not an 'employer' under the FLSA. **It is this Court, and not a jury, that ultimately is required to make the factual findings subsidiary to that legal determination.** *Martinez-Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1209 n. 27 (11th Cir. 2003)."

*Johns Hopkins University v. Cellpro,* 160 F.R.D. 30 (D.Delo. 1995) is misplaced. Neither case is mandatory authority for Plaintiff's position nor is particularly persuasive.

Both cases are patent infringement cases in which the alleged infringer requested bifurcation and a stay of discovery so that the damages and willfulness section of the case would be tried after the liability section. The courts denied bifurcation and the stay. The *Computer Associates* and *Cellpro* cases are distinguishable because the courts in those cases determined that the willfulness and liability issues were *intertwined* in patent infringement cases such that resolution of one issue did not necessarily resolve the other – therefore, bifurcation would promote inefficiency and prejudice, instead of mitigating it. Here, resolution of the independent, discreet threshold employer issue promotes efficiency and avoids prejudice.

Contrary to Plaintiffs' arguments, PBS' request for bifurcation is not premature. Plaintiffs argue that "neither the parties nor the Court can predict the merits issues that will be left to try following Phase II discovery." As an example, Plaintiffs state that they will "likely move for summary judgment on liability and ask the Court to determine…that they were misclassified as exempt employees", as well as "to determine…that liquidated damages should apply." [DE 204] Plaintiffs' anticipated course of action and projected outcome serve to highlight why the question of PBS' employer status should be tried separately and prior to the parties' engaging in full-blown discovery on the merits.

Consider Plaintiffs' "likely" scenario and, for argument's sake, assume Plaintiffs sought summary judgment on the merits, even though a successful motion is highly unlikely in this case. The issue of whether PBS was Plaintiffs' employer will once again need to be addressed fully and finally. The only way Plaintiffs can succeed at summary judgment on "liability" or entitlement to "liquidated damages" is to prove that PBS was their employer under the FLSA. If

3

Plaintiffs are unable to establish that PBS was their employer, no liability attaches to PBS, and it must be dismissed from the case. In short, liability cannot attach without the parties revisiting the very issue that PBS now seeks to resolve. The Court should disregard Plaintiffs' circular reasoning.

Again, Plaintiffs rely on inapposite, non-controlling cases. In particular, the court in *Krueger v. New York Telephone Company*, 163 F.R.D. 446 (S.D.N.Y. 1995) found that bifurcation was premature because discovery was not yet complete and continuing development of the factual record may have affected the issues to be tried and presentation of those issues. In the instant case, however, discovery on the "employer" issue is complete, dispositive motions have been ruled upon, it is clear that this issue must be finally resolved. There is no likelihood that further case development will affect the determination of this issue. Further, in *Del Monte Fresh Produce v. Kinnavy*, 2010 WL 1172565 (N.D. Ill. Mar. 22, 2010), the court denied a third-party plaintiff's motion for separate trial made early in the proceedings because the court concluded that it was too early in the proceedings to determine whether separate trials would promote judicial economy or avoid prejudice. Again, the instant case is factually and procedurally distinguishable. Importantly, the threshold employer issue is ripe for trial.

Finally, Plaintiffs' claim that *they* and not PBS will be most prejudiced because PBS's request, if granted, would result in two trials on the issue of liability (the other one ostensibly against co-defendant, Cugno) is unavailing because PBS is not seeking two trials of this issue, nor is PBS seeking to separate the parties for trial on the merits. PBS has sought relief on its behalf. PBS does not speak for any other party, nor does the undersigned counsel represent any other party. PBS simply seeks a final resolution on the discrete threshold employer issue before being subjected to costly, time-consuming, and potentially unnecessary discovery and further

4

litigation.  Notably, the discreet threshold employer issue is not one fraught with varying legal views or analyses.  Rather, the analysis of whether under the economic realities test PBS was Plaintiffs' employer is straightforward and limited.  An analysis of the facts of this case in light of the controlling case law, including Eleventh Circuit and district court decisions on the precise issue at bar, overwhelmingly suggests that PBS is not Plaintiffs' employer under the FLSA.  The interests of justice are best served by ordering a separate trial on the discreet legal issue.

WHEREFORE, Defendant Paychex Business Solutions, Inc., respectfully requests that this Court bifurcate the matter and order a separate trial on the threshold employer issue, and to further set a date for the trial of this issue (which PBS believes will take 3-4 days).

Dated:  August 6, 2010

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: s/Edward Diaz
Edward Diaz
Email: edward.diaz@hklaw.com
Florida Bar No. 988091
Erika R. Royal
Florida Bar No. 154385
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

*Attorneys for Defendant*
*PBS of Central Florida, Inc.*

## **CERTIFICATE OF SERVICE**

*I Hereby Certify* that on **August 6, 2010**, I electronically filed DEFENDANT PAYCHEX BUSINESS SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO BIFURCATE AND FOR SEPARATE TRIAL ON THRESHOLD ISSUE with the Clerk of the Court via electronic filing. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              s/Edward Diaz _____
              Edward Diaz

## SERVICE LIST
### Deana Vondriska v. Paychex Business Solutions, Inc., et al
### CASE NO. 8:07-CIV -01322-T-24-TGW
### United States District Court, Middle District of Florida

Donald H. Nichols, Paul J. Lukas,
Matthew H. Morgan, and Timothy C. Selander
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
 and
Matthew Fenton
WENZEL & FENTON, P.A.
633 N. Franklin Street, Suite 500
Tampa, FL 33602
*Attorneys for Plaintiffs*

Eric P. Berezin
Duane Morris LLP
1180 West Peachtree Street
Suite 700
Atlanta, GA 30309
*Attorneys for Defendant Gevity HR, Inc.*

Benjamin J. Mollo, Esq.
3001 Executive Drive,
Suite 330
Clearwater, FL 33762
*Attorney for Defendant Cugno*

# 9689299_v1

7