UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA,
individually and on behalf of
other similarly situated employees

        Plaintiff,

v.                                            Case No. 8:07-cv-1322-T-24-TGW

GERALD CUGNO and PAYCHEX
BUSINESS SOLUTIONS, INC.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant Paychex Business Solutions, Inc.'s ("Paychex") Motion to Bifurcate and for a Separate Trial on the Threshold Issue of whether PBS was Plaintiffs' employer as defined by the Fair Labor Standards Act ("FLSA"). (Dkt. 203.) Plaintiffs filed a Memorandum of Law in Opposition to the motion. (Dkt. 204.) PBS filed a reply. (Dkt. 207.)

**I.  Background**

Plaintiff Deana Vondriska filed suit against Defendant PBS, as well as Defendant Gerald Cugno, on behalf of herself and other similarly-situated employees for violations of the FLSA.[1] Defendants assert, among other defenses, that they cannot be held liable under the FLSA because they were never Plaintiffs' "employer" as that term is defined under the FLSA.

In the early stages of litigation, PBS moved the Court to bifurcate discovery in this

---

[1] Plaintiffs settled their claims against Defendant Gevity HR, Inc., and that defendant is no longer a party to this case. (Dkt. 132, 133.)

matter. The Court agreed, and on November 2, 2007, this case was bifurcated into two phases. The first phase involved discovery only as to the threshold issue of whether PBS was Plaintiffs' "employer," as that term is defined under the FLSA. At the close of discovery in Phase I, both parties moved for summary judgment on this issue. On March 11, 2009, the Court granted PBS's motion for summary judgment and held that PBS was not Plaintiffs' employer.

On May 14, 2009, Plaintiffs appealed the Court's order. On February 4, 2010, the Eleventh Circuit vacated the summary judgment and remanded the matter for further proceedings. Upon remand, the Court denied both parties' motions for summary judgment, holding that issues of material fact existed as to the threshold issue of whether PBS was Plaintiffs' employer. The Court held that the testimony of Gerald Cugno, and another officer of Premier Mortgage Company, raised "triable issues regarding whether PBS was more than merely a payroll processor, but also provided human resources services and exercised control and supervision over the plaintiffs to such an extent that it qualified as an employer under the FLSA."

**II.     Discussion**

PBS now seeks resolution of the threshold dispositive issue of whether it was an employer. To reach that resolution, PBS moves the Court to hold a separate trial on this issue, which it estimates would take approximately three to four days.[2] PBS contends that resolving this issue before proceeding to Phase II of discovery is what the Court envisioned when it first bifurcated the case back in November of 2007. Furthermore, PBS contends that to require it to

---

[2]PBS suggests, but does not specifically request, that this separate trial be a bench trial, rather than a jury trial. (Dkt. 207, p.2.) For the reasons stated below, however, the Court concludes that the employer issue should be decided by the Court, not a jury.

engage in extensive discovery on the merits of Plaintiffs' overtime claims, before determining whether it can be held liable at all to these Plaintiffs, will severely prejudice PBS.

Plaintiffs, however, vigorously oppose a bifurcated trial on the employer issue. Plaintiffs argue that PBS cannot show good cause to justify a continued stay on the merits discovery, considering that the Court already denied PBS's summary judgment motion on the employer issue, and merits discovery has already been stayed for more than two years. Furthermore, Plaintiffs contend that the issue should be decided by a jury–not the Court. Therefore, Plaintiffs request that the Court deny PBS's motion and order that discovery on the merits begin.

Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order a separate trial of any claim or issue. "The decision to bifurcate is committed to the sound discretion of the trial court." *Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996.) In deciding whether to bifurcate a trial, a court should consider the convenience of bifurcation, judicial economy, and the risk of prejudice. *See Alexander v. Fulton County*, 207 F.3d 1303, 1324-25 (11th Cir. 2000).

Here, the threshold issue of whether PBS (or Cugno) qualified as an employer under the FLSA is a discrete legal issue that lends itself to bifurcated discovery and to a separate trial. Discovery on this threshold issue is complete, and dispositive motions on the issue have been considered, appealed, and reconsidered on remand. The issue is therefore ready for trial. Additionally, a separate trial would further convenience and avoid prejudice. If a separate trial is not held at this point, the parties will be required to engage in potentially extensive and potentially unnecessary merits discovery, if the Court was to rule that neither PBS nor Cugno was Plaintiffs' employer, and thus not liable. It is for this reason that the Court will hold one

bench trial as to both PBS's and Cugno's employer status, despite the fact that Cugno did not take a position on this motion.

Plaintiffs argue that they will be unfairly prejudiced by having to wait to enter Phase II of discovery because, as time passes, it becomes more difficult to keep track of putative plaintiffs who may opt in to the lawsuit. The Court, however, anticipates proceeding directly to a bench trial, which, according to PBS, shall last only three to four days. Any potential prejudice to Plaintiffs in having to postpone notifying putative plaintiffs is minimal in comparison to the potential undue prejudice to the defendants and potential waste of judicial resources that could result if the Court was to postpone final resolution of the employer issue until trial on the merits. Moreover, in its November 2, 2007 order, the Court ruled that the statute of limitations was tolled during Phase I of discovery, so that any additional plaintiffs who have not yet opted-in to the suit would not lose their opportunity to do so while the parties are litigating the employer issue.

Accordingly, the Court concludes that the particular circumstances of this case warrant the exercise of the Court's discretion to hold a separate trial on the issue of whether PBS and/or Cugno were Plaintiffs' employers, before proceeding to merits discovery. The Court notes, however, that it is the particular circumstances of this case that control the Court's decision. Not all suits for unpaid overtime wages under the FLSA shall require bifurcated discovery and trial on the threshold employer issue.

Moreover, the Court rejects Plaintiffs' contention that the employer issue should be decided by a jury. Controlling Eleventh Circuit precedent mandates that the issue of whether the defendant is an employer is a question of law, "with the subsidiary findings being issues of fact."

*Patel v. Wargo*, 803 F.2d 632, 634 n.1 (11th Cir. 1986); s*ee also Aimable v. Long & Scott Farms*, 20 F.3d 434, 440 (11th Cir. 1994) (ruling that the determination of joint employment is a question of law). The subsidiary findings of fact are made by "entertaining and assessing the evidence relevant to the inquiry called for by a given factor [under the economic realities test,]" and in doing so, "the court is, in effect, conducting a miniature bench trial." *Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1209 & 1209 n.27 (11th Cir. 2003). Ultimately, the answers to the individual inquiries are viewed together and "the Court must determine, from those answers, whether the [employees] established [the putative employer's employer] status by a preponderance of the evidence–a question of law." *Moralis-Arcadio v. Shannon Produce Farms, Inc.*, No. 6:05-cv-062, 2007 WL 2106188, at *23 (S.D. Ga. July 18, 2007) (citing to *Martinez-Mendoza*, 340 F.3d at 1209, 1209 & n.27).

The Court recognizes, but declines to follow, three cases cited by Plaintiffs, which appear to support their position that the employer issue should be decided by a jury. In one of those cases, *Olivas v. A Little Havana Check Cash, Inc.*, 324 Fed. Appx. 839 (11th Cir. 2009) (unpublished), the Eleventh Circuit reversed the district court's finding that the defendant was not an employer under the FLSA and entry of judgment as a matter of law in the defendant's favor. The appellate court reversed and "remand[ed] for a jury trial to determine whether Mrs. Rodriguez was an 'employer' within the meaning of the FLSA." *Id.* at 846. At this time, the Court is unable to reconcile *Olivas* with *Martinez-Mendoza*. However, the Court declines to follow *Olivas* because the case was remanded without discussion of *Martinez-Mendoza*, and because it is an unpublished case and therefore not binding precedent on this Court. 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as

5

persuasive authority.").

The Court also declines to follow *Berrocal v. Moody Petroleum, Inc.*, No. 07-cv-22549, 2010 WL 1372410 (S.D. Fla. Mar. 31, 2010), and *Russell v. Promove*, LLC, 1:06-cv-659-RWS, 2007 WL 2274770, at *4 (N.D. Ga. Aug. 7, 2007).[3] In both of those cases, the district courts held a jury trial on the issue of whether the defendants were employers under the FLSA. The Court is not in a position, nor is it required, to explain this discrepancy because, again, those cases are not binding precedent on this Court. The Court notes, however, that the *Russell* Court clearly stated in its summary judgment order that "[i]t is this Court, and not a jury, that ultimately is required to make the factual findings subsidiary to [the] legal determination" of whether the defendant was an employer under the FLSA. *Russell*, 2007 WL 2274770, at *4 (*citing Martinez-Mendoza*, 340 F.3d at 1209 n.27).

### III.    Conclusion

For the reasons stated, PBS's Motion to Bifurcate and for a Separate Trial on Threshold Issue (Dkt. 203) is **GRANTED**. By separate order, the Court shall set this case for a pretrial conference and for a bench trial on the issue of whether the defendants qualified as Plaintiffs' employer under the FLSA.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of August, 2010.

Copies to:
Counsel of Record

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

---

[3]Plaintiffs' counsel, Matthew Morgan, provided an affidavit stating he represented the plaintiffs in the *Russell* case. (Dkt. 204, Ex. 1.)