UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA *and*
JENNIFER ANDREWS,
*individually and on behalf of*
*other similarly situated employees,*

      Plaintiffs,

v.                                          Case No. 8:07-cv-1322-T-24-TGW

GERALD CUGNO and
PAYCHEX BUSINESS SOLUTIONS, INC.

      Defendants.
_____/

## ORDER OF DISQUALIFICATION

This cause comes before the Court on Plaintiffs' Motion for Disqualification (Dkt. 226), and Defendant Paychex Business Solution's Inc.'s ("PBS") memorandum in opposition to the motion (Dkt. 227.) Plaintiffs move the undersigned to disqualify herself from this proceeding pursuant to 28 U.S.C. Section 455 based upon a statement made by the Court in a since-vacated order.

**I.**    **Background**

This is a case for unpaid minimum and overtime wages under the Fair Labor Standards Act filed by Deanna Vondriska and Jennifer Andrews on behalf of themselves and other similarly-situated employees. Vondriska and Andrews worked as loan offers for Premier Mortgage Funding, Inc. ("Premier"), a mortgage lender located in Clearwater.[1]  Plaintiffs sued

---

[1] The plaintiffs originally filed suit against Premier, but that case was closed when Premier filed for bankruptcy. *See Vondriska v. Premier Mortgage Funding, Inc.*, 8:06-cv-1492-T-27-MAP.

Gerald Cugno, the CEO of Premier, as well as Paychex Business Solutions, Inc. ("PBS"). PBS is the employee leasing company that Premier hired to provide payroll processing, employee benefits, and human resource services.

### A. The Parties' Cross Motions for Summary Judgment

After months of discovery, the parties filed two sets of cross motions for summary judgment–one set as to each defendant. Their arguments centered on whether the defendants qualified as Plaintiffs' employers under the FLSA. These motions were considered by Magistrate Judge Thomas G. Wilson pursuant to an order of referral. Magistrate Judge Wilson heard oral argument on the motions. He then submitted two Report and Recommendations, one for each set of cross motions for summary judgment.

Regarding the issue of whether PBS was Plaintiffs' employer under the FLSA, Magistrate Judge Wilson concluded that Plaintiffs failed to show that they were economically dependent on PBS for their livelihood, and therefore, PBS was not their employer under the statute. Accordingly, he recommended that PBS's Motion for Summary Judgment be granted and Plaintiffs' Motion for Partial Summary Judgment against PBS be denied.

In reaching this conclusion and recommendation, Magistrate Judge Wilson declined to consider the deposition testimony of Defendant Gerald Cugno, the CEO of Premier, or the deposition testimony of Jeremy Lube, Premier's operations chief. The testimony was not given in this case, but rather, was given in *Vondriska v. Premier Mortgage Funding, Inc.*, 8:06-cv-1492-T-27MAP, a case in which Defendant PBS was not a party. After consideration of the entire record, the Report and Recommendation, Plaintiffs' objections, and PBS's response to those objections, the Court adopted the Report and Recommendation, granted PBS's motion for

summary judgment, and denied Plaintiffs' summary judgment motion.

Magistrate Judge Wilson filed a separate Report and Recommendation regarding the issue of whether Cugno was Plaintiffs' employer under the FLSA. He concluded that factual issues exist as to whether Cugno exercised sufficient control over the company's operations to render him an employer under the FLSA. Therefore, he recommended that both Cugno's and Plaintiffs' motions for summary judgment be denied. Significantly, Magistrate Judge Wilson considered the depositions of Cugno and Lube when making his recommendation that factual issues remain as to the issue of whether Cugno was Plaintiffs' employer. The Court adopted this Report and Recommendation, as well, and denied both parties' summary judgment motions.

### B. Plaintiffs' Appeal

Plaintiffs appealed the Court's entry of summary judgment in favor of PBS. The Eleventh Circuit held that the Court abused its discretion in excluding the deposition testimony of Cugno and Lube from its consideration of the issue of whether PBS qualified as an employer under the FLSA. The Eleventh Circuit therefore vacated the judgment in favor of PBS and remanded for further consideration, including consideration of the Cugno and Lube depositions.

### C. Reconsideration of the Parties' Cross Motions for Summary Judgment on Remand

On remand, the Court reconsidered the parties' cross motions for summary judgment. The Court accepted supplemental briefing on the issue of PBS's employer status and the impact of the Cugno and Lube depositions on that issue.

Then, on June 3, 2010, the Court entered an order denying the parties' cross motions for summary judgment. In that order, the Court stated:

> The Court cannot conceive of a situation in which an employee leasing company

>that provided payroll administration and human resources assistance such as the services Paychex provided in this case could be considered an employer under the FLSA; however, the Eleventh Circuit's mandate seems to suggest that further development of the facts is warranted.

Therefore, the Court directed the Clerk to return the case to active status.

Approximately three weeks later, on June 21, 2010, the Court issued another order, this one granting Defendant PBS's motion for reconsideration of the June 3, 2010 order. In the June 21 order, the Court again denied the parties' cross motions for summary judgment on the issue of PBS's employer status. The Court reasoned that the deposition testimony of Cugno and Lube revealed triable issues of material fact regarding PBS's status as an employer under the FLSA, and directed the Clerk to vacate and remove from the docket sheet the June 3, 2010 order.

Subsequently, on August 17, 2010, the Court granted PBS's motion to bifurcate and to hold a separate trial on the threshold issue of whether PBS was Plaintiffs' employer under the FLSA. The Court set the issue for a bench trial in November 2010.

## II.     Discussion

Pursuant to 28 U.S.C. Section 455, a federal judge must "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The test under Section 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). To disqualify a judge under Section 455, the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999) (quotations and citations omitted).

The statement in the June 3, 2010 order that the Court could not conceive of a situation in

which PBS could be considered an employer under the FLSA has been vacated, and it is no longer a part of the case file. The Court explained the error, and offered its reason for denying summary judgment–that deposition testimony from Gerald Cugno and Jeremy Lube, viewed in the light most favorable to Plaintiffs, raised triable issues of fact regarding whether PBS was an employer under the FLSA. The Court's ultimate ruling–that summary judgment must be denied–did not change. However, the Court has since found that this precise issue is one that must be decided by the Court at a bench trial, according to controlling precedent in this circuit.

The Court's statement that it could not conceive of a situation in which PBS could be found to be an employer under the FLSA touches on the precise issue that the Court shall decide at a bench trial, both as the finder of fact and law. The Court therefore agrees with Plaintiffs that its "impartiality might reasonably be questioned," and disqualification is warranted. PBS's argument that judicial rulings alone do not constitute a valid basis for disqualification is well taken. However, to borrow PBS's own argument, "the Court's statement is the functional equivalent of granting summary judgment in favor of PBS." (Dkt. 198, p. 1-2.)

"The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988). "[A]ny doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citations omitted).

**III.    Conclusion**

Accordingly, Plaintiffs' Motion for Disqualification (Dkt. 226) is **GRANTED**. The Clerk is directed to assign this case to another district judge within the division by random

assignment.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of September, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Defendant Gerald Cugno
10912 Summerton Drive
Riverview, FL 33579