UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANA VONDRISKA, et al.,

Plaintiffs,

v.   CASE No. 8:07-CV-1322-T-24TGW

GERALD CUGNO, et al.,

Defendants.

_____

SUPPLEMENT TO
REPORT AND RECOMMENDATION

In this case, I previously concluded that Paychex Business Solutions, Inc. ("PBS") was not the plaintiffs' employer under the Fair Labor Standards Act ("FLSA") (Doc. 154). After the district court adopted that conclusion (Doc. 161), the court of appeals reversed on the ground that depositions of corporate officers should have been considered in reaching that determination (Doc. 184). Having considered their entire depositions, as well as an affidavit from one of them, I am unpersuaded that my original conclusion was wrong. Nevertheless, in light of differing views and the upcoming trial date, it seems to me the most prudent course is to deny both motions for summary judgment and proceed to trial.

I.

The plaintiffs' employer was Premier Mortgage Funding, Inc. ("Premier"). Premier went into bankruptcy and the plaintiffs sued PBS, which is an employee leasing company, alleging that it was a joint employer. The plaintiffs' claim that PBS was an employer under the FLSA was evaluated under the eight-factor test set out in Antenor v. D&S Farms, 88 F.3d 925, 932 (11th Cir. 1992). In my view, PBS was not the plaintiffs' employer under that analysis (see Doc. 154, pp. 11-36). That conclusion, furthermore, was supported by several district court decisions in this circuit involving employee leasing companies (id., p. 14). One of those decisions was affirmed by the Eleventh Circuit, and two involved PBS (one of which was decided by Judge Presnell) (id.).

In connection with the motions for summary judgment, the plaintiffs cited portions of depositions given by Gerald Cugno, Premier's CEO, and Jeremy Lube, Premier's Director of Operations (see Docs. 98, 99). PBS objected to the use of those depositions because PBS was not a party to them and, thus, they did not satisfy the requirements of Rule 32(a), F.R.Civ.P. (Doc. 109). I sustained the objection and thus did not consider the depositions in connection with the Antenor analysis (Doc. 154, pp. 44-47).

The plaintiffs filed objections to my report and recommendation with District Judge Susan C. Bucklew (Doc. 156). In those objections, the plaintiffs argued for the first time that the depositions should have been considered as affidavits under Rule 56, F.R.Civ.P. Putting aside the fact that the argument had not been raised before me, Judge Bucklew declined to treat depositions that did not comply with Rule 32(a) as affidavits (Doc. 161).

On appeal, the court of appeals held that the Cugno and Lube depositions should have been considered as affidavits under Rule 56 (Doc. 184). Accordingly, it vacated the judgment in favor of PBS and remanded for further proceedings. The opinion did not address the issue of whether PBS was an employer of the plaintiffs.

On remand, Judge Bucklew entered an Order stating that the depositions created a factual dispute whether PBS was an employer of the plaintiffs (Doc. 201). However, on plaintiffs' motion, Judge Bucklew recused herself (Doc. 229), and the case was reassigned to District Judge Steven D. Merryday. Judge Merryday subsequently vacated the Order denying the cross-motions for summary judgment concerning whether PBS was an employer, and referred the matter to me for a supplemental report and

recommendation (Doc. 232). Thereafter, I permitted the parties to submit additional memoranda (Doc. 234).

II.

The issue at this point, it seems to me, is whether, considering the Cugno and Lube depositions as affidavits under Rule 56, the <u>Antenor</u> analysis results in a different conclusion. Rule 56(c)(4), F.R.Civ.P., provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affidavit or declarant is competent to testify on the matters stated."[1] I have read the entire Cugno and Lube depositions (Docs. 194-1, 194-2), not just the short excerpts attached by the plaintiffs to their motion for partial summary judgment (<u>see</u> Docs. 99-11, 99-20), and I am unpersuaded that they contain evidence based on personal knowledge that would change the result in the <u>Antenor</u> analysis.

Significantly, Premier employed a business model that made the plaintiffs' employment conditions remote from Cugno's and Lube's

---

[1] The requirements were set forth in Rule 56(e)(1) prior to December 1, 2010. There is no meaningful difference in the two versions.

activities at company headquarters in Clearwater, Florida. As Cugno explained in an (actual) affidavit, Premier (Doc. 129-1, ¶1):

> has a decentralized nature with over 500 individual branch office locations, in 42 states, with over 5000 employees, whereby these branch office locations were controlled by a branch manager who paid the corporate office a flat or set monthly fee of approximately $1,650.00 and pays no percentage to the corporation.

Cugno added (id., ¶2):

> Premier's business model is similar to a franchise relationship and once approved, a branch manager controls the operations of the branch office location and is responsible for hiring as many employees as they wish and keeps all profits (after expenses are paid) and this agreement is memorialized in a branch manager employment agreement the branch manager executes with Premier.

He said further that he (id., ¶3):

> had no involvement with the hiring of employees, the determination of the number of employees in the branch office, the termination of branch employees or the determination of compensation to be paid to the branch employees as this was left to the branch manager.

Lube commented that the branch managers "are under the control of the company with certain autonomy" (Doc. 194-1, p. 5).[2] Notably, plaintiff Vondriska worked as a loan officer in Premier's Middleburg Heights, Ohio, office from January 2005 until May 2005, and plaintiff Andrews worked as a loan officer in the Indianapolis, Indiana, branch from the Fall of 2004 until August 2005 (Doc. 154, p. 2).

These circumstances provide the context for a determination whether Cugno and Lube had personal knowledge of the matters about which they testified. Unquestionably, they had personal knowledge about some of the information they stated. However, the question is whether they have personal knowledge about matters that were not already addressed in the report and recommendation and that would make a difference in the <u>Antenor</u> assessment. For the most part, what Cugno and Lube said in their depositions was covered in the detailed assessment of the <u>Antenor</u> factors in the report and recommendation (see <u>id.</u>, pp. 15-36).

The one matter that Cugno's deposition could affect is the plaintiffs' contention that PBS was involved in deciding whether an

---

[2] The citations to the depositions refer to the page numbers assigned by the CM/ECF system.

employee was classified as exempt or non-exempt under the FLSA. PBS provided evidence that it did not decide loan officers' exemption status (id., pp. 29-30). I concluded further that the plaintiffs had presented no probative evidence that PBS determined that classification (id., p. 29).

Cugno stated in his deposition that sometimes branch managers would classify, and sometimes PBS or its predecessor, Gevity, would classify, employees as exempt or non-exempt (Doc. 194-2, p. 18). On the other hand, Cugno also said that he had instructed the branch managers to classify loan officers as outside sales employees or non-exempt employees (id., p. 28; see also id., p. 30). He said further that he had a policy that there was not to be any overtime work (id., p. 31). In short, it is unclear from Cugno's testimony whether PBS classified loan officers as non-exempt under the FLSA. Lube stated, however, that the branch managers made that decision (Doc. 194-1, pp. 9-10).

It is doubtful whether either Cugno or Lube had personal knowledge of the classification process. To start with, Cugno's statement about that matter was uncertain and equivocal. Moreover, Cugno indicated that his business was so extensive that he could not personally know what goes on in every branch office, but that he was informed by staff members

who traveled to the branches (Doc. 194-2, pp. 8-9). Cugno did say that he and the others took a bus tour to check on 30 to 40 branches in 2004 (id., p. 34). Not only was that before PBS had an agreement with Premier, but it indicates that Cugno's team checked to see that the branch managers classified employees properly (id.).

Thus, the information in Cugno's and Lube's depositions does not change my conclusion that the plaintiffs did not present probative evidence that PBS determined employees FLSA classifications. Rule 56, F.R.Civ.P., requires that affidavits be based on personal knowledge, and it does not appear that either Cugno or Lube had personal knowledge of the classification process. Importantly, Rule 56 requires further that the affidavit show that the affiant or declarant is competent to testify about the matters stated. See Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 85 (2nd Cir. 2004). The depositions, which are being treated as affidavits, plainly do not satisfy this latter requirement with respect to the matter of classification.

The plaintiffs in their supplemental memorandum point out that Cugno testified that PBS employees were witnesses to terminations (Doc. 194-2, pp. 16-17). The fact that PBS employees may be witnesses

to terminations by Premier does not change my conclusion that, in actual practice, the plaintiffs have failed to show that PBS exercised the right to fire Premier employees (Doc. 154, p. 25).

In sum, the information in the Cugno and Lube depositions does not change my analysis of the <u>Antenor</u> factors. Consequently, my conclusion that the plaintiffs were not economically dependent on PBS, and therefore were not PBS employees, remains the same.

### III.

While I continue to think that PBS was not the plaintiffs' employer, I do not recommend that summary judgment be granted to PBS. I recognize that there are other judicial decisions indicating that the depositions contain information based upon personal knowledge that create issues of fact (although without any detailed analysis of the <u>Antenor</u> factors). In light of that circumstance, I am not sufficiently confident of my conclusion to recommend the granting of summary judgment.

Moreover, the trial date is less than two months away and the case would shortly thereafter be four years old. In addition, in light of the court's lack of prior familiarity with the summary judgment record, it would require an extensive amount of time to review a recommendation

that summary judgment be granted. It seems to me that the court could try the case in less time, and with a better understanding of the evidence, than if the court evaluated a summary judgment recommendation.

Notably, the court has discretion to deny a motion for summary judgment and to proceed to trial even if a summary judgment award seems authorized. See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2728, pp. 525-31. Under the circumstances presented here, the exercise of that discretion is warranted.

Therefore, I recommend that Defendant Paychex Business Solutions, Inc.'s Motion for Summary Judgment (Doc. 96), and the Plaintiffs' Motion for Partial Summary Judgment Against Defendant Paychex Business Solutions, Inc. (Doc. 99) be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MARCH 7, 2011

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).