# EXHIBIT A

Case 8:07-cv-01322-SDM-TGW   Document 246-2   Filed 04/26/11   Page 1 of 12 PageID 3888

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Deana Vondriska, Jennifer Andrews
individually and on behalf of other
similarly situated employees,

Case No.: 8:07-cv-1322-T-23-TGW

Plaintiffs,

v.

Gerald Cugno, and
Paychex Business Solutions, Inc.,

Defendants.

## STIPULATION OF SETTLEMENT

### I. NATURE OF ACTION

1.1   This Stipulation of Settlement ("Stipulation of Settlement") is voluntarily made and entered into this 26th of April, 2011, by and between the above-named Plaintiffs, on behalf of themselves and the FLSA Opt-In Plaintiffs described below (collectively, "Plaintiffs"), and Defendants Paychex Business Solutions, Inc., its predecessors, successors, affiliates, officers, directors, agents and employees, and Gerald Cugno (collectively, "Defendants"), (collectively, "the Parties").

1.2   WHEREAS, Plaintiffs and Defendants, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights which might have been asserted by Plaintiffs.

1.3    NOW, THEREFORE, in consideration of the mutual promises and agreements set out herein, Plaintiffs and Defendants stipulate and agree as follows:

## II. JURISDICTION

2.1    If the Stipulation of Settlement is approved, the District Court will retain jurisdiction of this action solely for the purpose of interpreting, implementing, and enforcing the Stipulation of Settlement consistent with the terms of this Stipulation of Settlement.

## III. STATEMENT OF NO ADMISSION

3.1    Plaintiffs acknowledge that Defendants expressly deny any liability whatsoever. Plaintiffs agree that in accepting payment in consideration for this Agreement, that such payment is tendered and accepted to resolve all their pending claims, and that this shall not be construed as an admission by Defendants of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether federal, state or local.

3.2    In the event that this Stipulation of Settlement is not approved by the District Court, or otherwise fails to be effective and enforceable or is terminated, the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, objections, defenses or counterclaims in the Litigation.

## IV. FAIR AND REASONABLE SETTLEMENT

4.1    The Parties and their counsel believe that the Stipulation of Settlement confers substantial benefits upon the Named Plaintiffs and opt-in Plaintiffs and is fair, reasonable, and adequate and in the best interests of the Named Plaintiffs and opt-in Plaintiffs.

## V. WAIVER, RELEASE AND DISMISSAL

5.1    <u>Release of Claims By Plaintiffs Who Return a Plaintiff Claim Form</u>. Plaintiffs who return a Plaintiff Claim Form hereby release the Releasees from all claims, for violations of

any state or federal minimum wage and overtime compensation laws, including the Fair Labor Standards Act, based on events that have occurred through the date the Court preliminarily approves this Stipulation of Settlement. The "Releasees" include Defendants, their current and former parents, subsidiaries, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, and directors.

5.2    Upon final District Court approval of the Stipulation of Settlement, Plaintiffs will promptly take all appropriate steps to obtain an order dismissing the Complaint with prejudice.

## VI.  PLAINTIFFS INCLUDED IN SETTLEMENT

6.1    The Stipulation of Settlement covers all "opt-in" Plaintiffs who have filed valid consent to join forms in the above-captioned lawsuit as of March 17, 2011, the date of the court-ordered mediation, and that (a) were employed during the time period in which Defendant Paychex maintained an agreement with Premier Mortgage Funding to provide professional services as an employee leasing company beginning in January 2005, and (b) as represented by Plaintiffs, were only employed before January 2005 but within the applicable statutory time period for claims against Defendant Gerald Cugno.

## VII.  PRELIMINARY DISTRICT COURT APPROVAL

7.1    The Parties shall submit this Stipulation of Settlement and its exhibits to the District Court by April 15, 2011, or on a mutually agreeable date, and shall take all appropriate steps to obtain an order (a) preliminarily approving the Stipulation of Settlement, (b) approving notice to the FLSA Opt-In Plaintiffs, and (c) setting a final hearing on the proposed Stipulation of Settlement.

## VIII.  SETTLEMENT ADMINISTRATION

3

8.1     Plaintiffs' counsel shall administer notice, the claims process, payments to Plaintiffs, and other obligations as specified in this Stipulation of Settlement. Plaintiffs shall be solely responsible for all fees and costs of the claims' administration. Nothing in this agreement shall prohibit or prevent Plaintiffs' counsel from employing a third party claims administrator to administer the settlement in this matter. Releasees are not responsible or liable for any and all errors and omissions which may occur in the claims' administration process.

## IX. NOTICE

9.1     Upon preliminary approval by the District Court, individual notice will be issued to the Plaintiffs via First Class regular United States' mail using the most current mailing address information available from Plaintiffs' Counsel's records. A Claim Form (hereinafter "claim form") and IRS Form W-4 will be included as part of the notice. The notice and claim form shall be substantially in the forms attached hereto as Exhibits 1 and 2. Plaintiffs or their designee will be responsible for the mailing of the notice, claim form and IRS Form W-4 and all costs associated therewith.

## X. CLAIMS FILING PROCEDURE

10.1     Plaintiffs must return a completed, valid claim form, and a W-4 to the claims' administrator, no later than 60 days after the initial mailing of the notices described in paragraph 9.1. Submitted claim forms and an executed IRS Form W-4 will constitute each claimant's individual release of claims and be in the nature of a declaration under penalty of perjury.

## XI. APPROVAL OF STIPULATION OF SETTLEMENT

11.1     Upon expiration of the claims period as described in paragraph 10.1, the Parties shall present the Stipulation of Settlement to the District Court for final approval as soon as

practicable. Upon final approval of the Stipulation of Settlement by the District Court, settlement payments shall be made as set forth in paragraphs 8.1 and 12.1 herein.

## XII. SETTLEMENT AMOUNT

12.1   Defendants shall pay to Plaintiffs and Plaintiffs' counsel a total payment of $150,000 ("Total Settlement Amount") inclusive of attorneys' fees and costs. Defendants shall also be responsible for payment of the employer's share of applicable payroll taxes resulting from payments of this amount to Plaintiffs. Defendants shall also be responsible to pay the total amount of the mediator's fee in connection with the March 17, 2011 mediation of this case. The Total Settlement Amount, consistent with Section XV, shall be due and payable thirty (30) calendar days after the District Court grants final approval of the settlement. There shall be no reversion to Defendants of any unclaimed amounts from the Settlement Amount.

## XIII. RIGHT TO REVOKE STIPULATION OF SETTLEMENT

13.1   Defendants retain the right to revoke this Stipulation of Settlement, in its discretion, to the extent that more than twenty percent of Plaintiffs choose not to participate in the settlement by failing to return valid claim forms or rejecting their settlement offer.

## XIV. PAYMENT OF SETTLEMENT AMOUNT

14.1   Following final approval by the District Court, and subject to the terms set forth herein, for each Plaintiff (both Named and opt-in) who has timely returned a valid claim form, W-4, and signed the applicable release, and whose claim has been approved ("Plaintiff-payee"), Defendant Paychex will issue two checks through its payroll and accounting systems. Defendant Paychex will send all checks to Plaintiffs' counsel and Plaintiffs' counsel will be responsible for mailing the checks received from Paychex to the individual Plaintiff-payees.

The first of the two checks made payable to each Plaintiff-payee will constitute one-half (50%) of the settlement payment, less required withholdings, to the Plaintiff-payee and will be reported as wages for tax purposes. Each Plaintiff-payee will receive from Defendant Paychex an IRS Form W-2 for this portion of the settlement payment. Defendant Paychex shall withhold from payments to Plaintiff-payees taxes and other sums the Plaintiff is required to pay by state or federal law. Defendant Paychex shall pay the employer portion of the payroll taxes.

The second of the two checks made payable to Plaintiff-payees will constitute the remaining half (50%) of the settlement payment made to each Plaintiff-payee. Such payment shall constitute payment for non-wage income, including but not limited to liquidated damages, and will be reported on an IRS Form 1099.

Plaintiff-payees shall be solely responsible for all tax consequences associated with their receipt of any payment from Defendants pursuant to this Stipulation of Settlement.

Each Plaintiff-payee shall have 120 calendar days after each mailing of the settlement check to cash his or her settlement check. If any Plaintiff-payee fails to cash his or her check within that 120 day period, such checks will be void. In such event, those Plaintiffs-payee will be deemed to have waived irrevocably any right in or claim to that settlement check and the settlement amount from that voided check will be donated to United Way of Tampa Bay.

14.2   All amounts allocated as attorneys' fees and costs will be paid to Nichols Kaster, PLLP and will be reported on an IRS Form 1099. No further amounts of attorneys' fees and costs, whether for assisting claimants in preparing and filing claim forms, pertaining to the resolution of this Litigation, including claims' administration, or any other matter will be paid by Defendants.

## XV.  SETTLEMENT FUND ALLOCATION

15.1    The Settlement Fund shall be allocated as follows:

(a)    Settlement allocations will be based on the proportion of the damages each FLSA Opt-In Plaintiff is owed based on a formula which took into consideration commissions earned and overtime hour estimates (or averages), as compared to the total damages for all Plaintiffs. The amount eligible for allocation to Plaintiffs ("Net Settlement Fund") shall be comprised of $150,000 less the following:  (1) $500 recognition payments to both Named Plaintiff Vondriska and Named Plaintiff Andrews, (2) Plaintiffs' counsel's fees in the amount of $50,000 (33.33% of the Total Settlement Amount), (3) Plaintiffs' counsel's costs in the amount of $30,844, (4) anticipated administration costs, including but not limited to notice and distribution of proceeds, of $3,000, (5) $500 contingency fund for any mistakes or other issues that arise in connection with the allocations.  The Net Settlement Fund to be allocated among the Plaintiffs equals $64,656.  Plaintiffs' counsel will compute a preliminary allocation of the settlement amounts from the Net Settlement Fund for all Plaintiffs that will be approved and adopted by Defendants as its settlement offer.  Nichols Kaster, PLLP will then send notice of settlement, claim form, and W-4 to the Plaintiffs, which will indicate what the amount of their preliminary allocation will be based on 100% participation. All Plaintiffs returning a valid claim form within sixty (60) days of the notice will be included in the allocation of the Settlement Fund.  In the notice, Plaintiffs will be advised that their preliminary allocation amount is based on 100% participation and that their final allocation of settlement amounts may increase if 100% of Plaintiffs do not return their claim forms within the sixty (60) day time period and the remaining amount of the Settlement Fund exceeds $10,000.  Within 14 calendar days, following the 60-day claim form period,

Nichols Kaster, PLLP, will conduct a final allocation of settlement amounts for all Plaintiffs that will be adopted by Defendants as their settlement offer.

(b) The costs of settlement administration, including but not limited to the costs of any settlement administrator, shall be paid from the Settlement Fund. The anticipated cost of administering the settlement by Nichols Kaster, PLLP is approximately $3,000.

(c) Opt-in Plaintiffs as described in 6.1(b) may each receive an allocation of no greater than $250.

15.2 No amount of the settlement fund will revert to Defendants. If for any reason there is a residual amount of the settlement fund less than $10,000 remaining after final distribution, the parties will donate this amount to the United Way of Tampa Bay. If the residual amount is greater than $10,000, the first $10,000 will be donated to United Way of Tampa Bay. The amount in excess of $10,000 will be reallocated among the Plaintiff-payees.

15.3 The above-described allocation has been performed solely by Plaintiffs and Plaintiffs' counsel, without the input or direction of the Releasees, and is subject to District Court approval.

## XVI. COURT APPROVAL

16.1 The Parties agree to take all steps as may be reasonably necessary to secure approval of the Stipulation of Settlement, to the extent not inconsistent with its terms..

## XVII. NON-PUBLICATION

17.1 Plaintiffs' counsel agrees to remove all references to this lawsuit from its website within 24 hours of final approval of the settlement from the District Court. Plaintiffs' counsel agrees not to issue any press release regarding this lawsuit or the settlement of this case, or otherwise publicize to any media outlets regarding the same. Notwithstanding the above,

Plaintiffs' counsel and Defendants may file with the Court the Stipulation of Settlement and its exhibits and all other documents necessary to effectuate the settlement of the Litigation, and Plaintiffs' counsel may (1) issue the Notices and Claim Form to Plaintiffs, (2) if applicable, provide to the settlement administrator all information necessary to fulfill its duties, and (3) respond to inquiries from Plaintiffs. Moreover, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendant's Counsel may make any reports or disclosures regarding this Stipulation or the settlement of the Litigation as may be required by law.

## XVIII. MISCELLANEOUS PROVISIONS

18.1　Nichols Kaster, PLLP represents that it is authorized, subject to preliminary and final District Court approval, to negotiate this Stipulation of Settlement on behalf of all Plaintiffs acting on their own behalf, as well as in their capacity as representatives for the Plaintiffs in the Litigation.

18.2　The Parties agree to the stay of all proceedings in this Litigation, except such proceedings as may be necessary to complete and implement the Stipulation of Settlement, pending final District Court approval of the Stipulation of Settlement.

18.3　This Stipulation of Settlement shall be interpreted and enforced under the laws of the State of Florida without regard to its conflict of laws provisions. Any claim arising out of or relating to the Stipulation of Settlement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the Middle District of Florida, and the parties hereby consent to the personal jurisdiction of the District Court over them solely in connection therewith.

18.4　The Parties to this Stipulation of Settlement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any

Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

18.5   The terms and conditions of this Stipulation of Settlement constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Litigation. Plaintiffs and Defendants accept entry of this Stipulation of Settlement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Stipulation of Settlement. This Stipulation of Settlement may be modified only by writing and signed by the original signatories and approved by the District Court.

18.6   This Stipulation of Settlement may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

**IT IS HEREBY AGREED:**

Date: 4/26/11

_____
Donald H. Nichols, MN Bar No. 78918*
Paul J. Lukas, MN Bar No. 22084X*
Matthew H. Morgan, MN Bar No. 304657*
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
morgan@nka.com
*Admitted *pro hac vice*

Matthew K. Fenton, Fla. Bar No. 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Telephone: (813) 224-0431
Facsimile: (813) 229-8712
mfenton@wfclaw.com

*Attorneys for Plaintiffs*

PAYCHEX BUSINESS SOLUTIONS, INC., FOR ITSELF, ITS PARENT, SUBSIDIARIES, AND AFFILIATES

Date: _____
Title  PRESIDENT

Date: _____
Gerald Cugno

*Pro Se Defendant*

11